VIVALDI & ARBONA, recurrente, *v.* EL REGISTRADOR DE MAYAGÜEZ, recurrido.

No. 673.—*Sometido: Febrero 21, 1927. Resuelto: Abril 6, 1927.*

1. REGISTRADORES—FACULTADES—CALIFICACIÓN DE TÍTULOS—TÍTULOS EXPEDIDOS POR LA AUTORIDAD JUDICIAL—EN GENERAL.—Al calificar una resolución judicial, el registrador puede señalar defectos que afecten a la jurisdicción, sin que ello implique el él apreciar los fundamentos de aquélla.

2. TUTOR Y PUPILO—VENTAS Y TRASPASOS BAJO ORDENES DE LAS CORTES—DE LAS VENTAS EN GENERAL—SU INSCRIPCIÓN—DEFECTOS INSUBSANABLES—DECLA-

RACIÓN DE INCAPACIDAD PREVIA AL NOMBRAMIENTO DEL TUTOR QUE NO APA-
RECE DE LOS DOCUMENTOS PRESENTADOS.—Cuando el apoderado de un tutor
español solicita autorización judicial para vender bienes de un incapaz aquí
radicados, y vendidos dichos bienes no aparece que, al nombramiento de
tutor, haya precedido la declaración de incapacidad de la vendedora para
administrar sus bienes, la venta judicial otorgada por el márshal no es ins-
cribible.

3. PRINCIPAL Y AGENTE—LA RELACIÓN—CREACIÓN Y EXISTENCIA—DE LOS PODE-
RES—OTORGAMIENTO E INSCRIPCIÓN—PODERES OTORGADOS EN EL EXTRANJERO.
—Cuando denegada inscripción de un documento otorgado en el extranjero
por no acreditarse se llenaron los requisitos formales del sitio en que se
otorgó, el Registrador no señala las formalidades que se dejaron de cumplir
y nada hay que impida la inscripción, procede ordenar que ésta se verifique.

NOTA de *Pedro Gómez Lasserre*, R. (Mayagüez), denegando inscrip-
ción de una escritura de venta judicial. *Confirmada.*

*Benet & Souffront*, abogados del recurrente; *El Registrador* recu-
rrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del
tribunal.

Este recurso se relaciona con el que hemos resuelto en
el día de hoy, bajo el No. 672. El poder a que allí nos re-
ferimos y se calificó por el registrador insuficiente, fué otor-
gado en Barcelona, España, en diciembre 22, 1925, y en él
Santiago Ferrer y Matas no sólo compareció por su propio
derecho sino además en su carácter de tutor de su hermana
incapacitada Angela Ferrer y Matas, según acuerdo que se
tomó a ese efecto por el consejo de familia y en el que se le
autorizaba la venta en pública subasta, por ser de necesidad
y utilidad, de toda participación y derechos que la incapaci-
tada tenía en cierta finca urbana, "sita en Puerto Rico, en
la villa de Mayagüez."

El apoderado Antonio Soler y Aymat acudió entonces a
la Corte de Distrito de Mayagüez y solicitó a nombre de su
mandante la venta en pública subasta, por ser de utilidad
y necesidad, de la participación y derechos de que era dueña
la incapacitada en la finca referida. La corte accedió a lo
solicitado, después de oir prueba oral y documental; se ve-
rificó la subasta y obtuvo la buena pro el recurrente y

otorgada la venta judicial por el márshal, el registrador denegó su inscripción por el fundamento que desestimamos en el recurso No. 672 y además, 1º, por no constar que haya precedido al nombramiento del tutor español, la declaración judicial de que la vendedora era incapaz para administrar sus bienes; y 2º, no acreditarse que se hayan llenado en los documentos presentados, los requisitos de ley necesarios en cuanto a la forma y solemnidad exigidos por las leyes de España.

[1, 2] En cuanto al primer motivo, el mandamiento al márshal para la venta del condominio de la incapacitada contiene la orden de la corte inferior, que en lo necesario dice:

"Por cuanto, vista la solicitud jurada en el presente caso presentada por el peticionario Don Santiago Ferrer y Matas, mayor de edad y vecino de la ciudad de Barcelona, España, en la cual alega que doña María Angela Ferrer y Matas es mayor de edad, soltera, incapacitada y vecina de la ciudad de Barcelona, España, siendo los parientes más cercanos de dicha incapacitada dentro del cuarto grado civil de consanguinidad y segundo por afinidad, los siguientes: Su madre Doña Francisca Matas y Barneset, sus hermanos Don Santiago, Doña Dolores y Doña Emilia Ferrer y Matas y su cuñado Don Primo Pelegrín y Zugasti, todos vecinos de la ciudad de Barcelona, España.

\*          \*          \*          \*          \*          \*          \*

"Por cuanto: alegó asimismo el peticionario que dicha Doña María Angela Ferrer y Matas es incapacitada, habiendo sido el peticionario Don Santiago Ferrer y Matas nombrado su tutor, Don Primo Pelegrín y Sugasti pro-tutor, y los señores Joaquín Puchades Domingo, Don José Ferrán y Tuset, Don Rafael Vilanova y Balash, Don José Mañas Bomvi y Don Joaquín Puchades Aviñó vocales del Consejo de Familia, cuyos cargos aceptaron y se cualificaron debidamente, habiendo sido nombrado Presidente del Consejo de Familia a Don Joaquín Puchades Domingo, y dicho Consejo de Familia en 7 de diciembre de 1925 adoptó el acuerdo que se transcribe a continuación:

\*          \*          \*          \*          \*          \*          \*

"Por lo tanto, señalada la vista del caso y practicada la prueba documental y testifical, y no habiendo el Fiscal, quien aparece noti-

ficado de este expediente, hecho oposición alguna al mismo, la Corte por la presente declara con lugar dicha solicitud decretando que la venta del condominio por una quinta parte perteneciente a dicha incapacitada Doña María Angela Ferrer y Matas en la finca descrita en esta orden, . . . . ."

El registrador, calificando la orden de la corte inferior, sostiene que la declaración judicial de la incapacidad de María Angela Ferrer y Matas es un trámite y no una prueba y que se ha debido establecer independientemente dicha incapacidad. No tenemos dudas que el defecto señalado afecta a la jurisdicción y ésta es la excepción para que el registrador pueda calificar una resolución judicial sin que sea apreciar sus fundamentos. De la orden aparece que se hizo la alegación de incapacidad de María Angela Ferrer y Matas, pero la corte no hace declaración alguna en relación con tal incapacidad.

[3] En relación con el último motivo, el registrador no señala las formalidades que han dejado de cumplirse en los documentos otorgados en España y que han sido presentados al Registro, y por nuestra parte no hemos encontrado nada en ese particular que impida la inscripción.

*Por todo lo cual debe confirmarse la nota del registrador* por el solo motivo de no aparecer acreditada la incapacidad de María Angela Ferrer y Matas.