PABLO RIPOLL COLOM, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 805.—*Sometido:* Abril 1, 1930. *Resuelto:* Abril 9, 1930.

*Fernando Zapater,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Castañer y Joy, una sociedad cuyo carácter no aparece claramente, era dueña de varias fincas rústicas en el término municipal de Yauco, siendo una de ellas de ciento seis cuerdas, otra de treinta y seis cuerdas, otra de diez y siete cuerdas, otra de treinta cuerdas y otra de cuarenta cuerdas, y formando un solo cuerpo, y una sola finca. Se practicó una mensura de la finca total, y resultó de tal operación que la cabida o medida superficial es de doscientos cincuenta y ocho cuerdas y setenta centésimas de otra. Y en la escritura otorgada en Aguadilla a 10 de enero de 1930 ante el notario don Arturo Reichard del Valle, por la sociedad Castañer y Joy, representada por don Pedro Pons y Arbona, de una parte, y don Pablo Ripoll Colom, de otra parte, se describieron las fincas citadas, se hizo mención de la circunstancia de que ellas constituían un solo cuerpo, y de la mensura practicada, y se expresó que entre la suma de la medida superficial de las dichas fincas, y la que resultaba de la mensura había una diferencia de menos del veinte por ciento, lo que es evidente, ya que la primera suma arroja un total de 229 cuerdas y la segunda de 258 cuerdas 70 centésimas;

y se hizo la agrupación para constituir una sola finca de 258 cuerdas 70 centésimas, que se describe en forma; y esta finca se vendió por la misma escritura a don Pablo Ripoll y Colom.

Presentada la primera copia de dicha escritura en el registro de la propiedad, el registrador puso la siguiente nota:

"Inscrito el precedente documento que es una copia de la escritura No. 3 otorgada en Aguadilla a 10 de enero de 1930 ante el notario Arturo Reichard del Valle con vista de otros documentos más como complementarios, en cuanto a la agrupación y venta que dicho documento comprende a favor de Pablo Ripoll Colom, al folio 25 del tomo 72 de Yauco, finca No. 3214 e inscripción primera; limitándose la inscripción a las 229 cuerdas que es la cabida, que arrojan las distintas porciones que por agrupación formaron dicha finca agrupada y se deniega la inscripción del propio documento en cuanto al exceso o diferencia que hay entre esa cabida y las 258:70 cuerdas con que se describe la finca agrupada, cuya cabida resultó tener la misma después de la mensura por no estar inscrito tal exceso a nombre de la sociedad vendedora y de ninguna otra persona, y porque no se pueden inscribir excesos de terreno de gran cantidad, pues la práctica ni la jurisprudencia han permitido la inscripción sólo de pequeños excesos hasta llegar al 20 por ciento; de otra suerte podrían agruparse fincas no inscritas a fincas ya inscritas, lo que constituirá una clara violación de la letra y el espíritu de la Ley Hipotecaria. Si la diferencia de lo que resulta de la mensura es de alguna consideración debe recurrirse a los medios supletorios que la misma Ley Hipotecaria autoriza; tomándose en su lugar anotación preventiva por el término de ciento veinte días a favor del comprador en la citada inscripción."

Y contra ella se ha interpuesto este recurso.

La parte recurrente tiene razón. La diferencia tolerada es hasta un 20 por ciento, y en este caso no llega a ese tipo. La razón que alega el registrador no es convincente; él sostiene que en fincas pequeñas, puede tolerarse esa diferencia, pero en fincas de gran cabida, no. Esto no es así, ni la regla establece distinción alguna. Las resoluciones de la Dirección de Registros citadas por el recurrente son claras, y se

refieren a diferencias entre la cabida de registro y la que aparece de las escrituras (8 de julio de 1878, 9 de noviembre de 1877, y 8 de marzo de 1898). En esta última (Apéndice de 1898, Alcubilla) se declara no inscribible el exceso de más de la quinta parte de la extensión o cabida que aparecía del registro, en cuanto a una finca, y se consiente la de una diferencia menor de esa quinta parte, en otra finca. Y en la resolución de la misma Dirección, en fecha 20 de marzo de 1901, se hace referencia confirmatoria de la misma doctrina.

No se trata en el caso presente de que exista una declaración de carencia de título en cuanto al exceso. La diferencia existente tiene una explicación normal y correcta; y en ese caso debe tenderse, no a una tolerancia arbitraria, sino a una justa liberalidad.

*Por las razones expresadas, debe revocarse la nota objeto de este recurso.*