JOSÉ GAŸA SAGRERA, recurrente, *v.* REGISTRADOR DE LA PROPIEDAD DE BAYAMÓN, recurrido.

Núm. 1145.—*Sometido:* Junio 1, 1944. *Resuelto:* Junio 16, 1944.

*Edelmiro Martínez Rivera* y *Luis Blanco Lugo,* abogados del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Oscar Vere y su esposa, siendo dueños de dos fincas rústicas que aparecen inscritas en el registro de la propiedad con una cabida de doce cuerdas y seis cuerdas quince céntimos, respectivamente, las agruparon para formar una sola finca y la vendieron por escritura pública al recurrente José Gaya Sagrera. En la escritura de venta se hizo constar que al verificarse la agrupación las fincas fueron mensuradas por el ingeniero Juan Emilio Canals y resultaron tener una cabida total de 22 cuerdas y 654 milésimas de otra, o sea un exceso de 4 cuerdas y 514 milésimas sobre la cabida de 18 cuerdas 15 céntimos que ambas fincas tenían en el registro.

Al presentarse la escritura para su inscripción se acompañó una certificación de mensura suscrita por el ingeniero Sr. Canals en la que hace constar que por colindar entre sí dichas fincas y constituir una sola unidad, fueron mensuradas conjuntamente y que "para verificar la referida mensura fueron citados los dueños de los predios colindantes (se mencionan por sus nombres), todos quienes fueron notificados personalmente de que la tal mensura se practicaría por mí a requerimiento del Sr. Oscar Vere en la fecha indicada y advertidos de su derecho a comprobar los puntos de colindancia que habrían de tomarse en cuenta para practicar la mensura y determinar la verdadera cabida de la finca, sin que ninguno de dichos colindantes hiciera objeción o recla-

mación alguna con respecto a tales puntos de colindancia.'' (Paréntesis nuestro).

El registrador inscribió el documento en cuanto a las 18 cuerdas 15 céntimos con que aparecen inscritas las fincas y denegó la inscripción en cuanto al exceso de 4 cuerdas 514 milésimas, por los siguientes fundamentos que expresó en su nota:

"... Primero: por no constar inscrito dicho exceso a favor de los esposos vendedores Oscar Vere y Clara Canals; Segundo: que aunque se dice en el documento haber sido mensurada dicha finca agrupada, arrojando el referido aumento de cabida que es más del veinte por ciento que la ley y jurisprudencia permiten, no se ha acompañado el plano de dicha mensura ni documento alguno en que los dueños de los predios colindantes de la misma, después de haber sido citados, consientan en que tal exceso de cabida se inscriba en el Registro por no perjudicarlos en su derecho como tales dueños colindantes (*Muriente* v. *Registrador*, 47 D.P.R. 246, 250, *Pellón* v. *Registrador*, 53 D.P.R. 526, 530; *Delgado* v. *Registrador*, 29 D.P.R. 867, 869; *Portocarrero* v. *Registrador*, 34 D.P.R. 292; *Aboy* v. *Registrador*, 52 D.P.R. 150). Tercero: que aunque se ha acompañado una certificación suscrita ante Notario por Juan Emilio Canals, ingeniero que dice haber hecho la mensura de dicha finca agrupada, en la que éste manifiesta haber citado a los dueños colindantes al practicar dicha mensura, y que dichos colindantes no hicieron objeción alguna a la misma, tal documento no es suficiente, ya que el citado ingeniero agrimensor no tiene facultades para asumir la representación de los dueños colindantes en nombre de los cuales habla aceptando los hechos de que tal rectificación de cabida por la citada mensura no perjudica a dichos terceros interesados, ya que ellos son los únicos que podrían ratificar y aceptar dichas manifestaciones y ninguno ha comparecido ni en la escritura en que se hace tal rectifi.·ción como tampoco han suscrito la declaración que se ha acompañado (*Autoridad de Tierras* v. *Registrador*, 62 D.P.R. 506); ...''.

La interpretación y alcance que ha dado el recurrido tanto en esta nota como en su alegato, a nuestra decisión en el recurso de *Autoridad de Tierras* v. *Registrador*, 62 D.P.R. 506, es completamente erróneo cuando sostiene que por dicho caso revocamos el de *Muriente* v. *Registrador*, 47 D.P.R. 246

y resolvimos que "la citación de dueños colindantes conlleva el requisito de la aceptación por parte de esos colindantes . . . ". Tampoco resolvimos en dicho caso que los dueños colindantes deberían comparecer en la escritura de traspaso aceptando como ciertos los hechos alegados en la misma.

Por el contrario, nuestra decisión en el caso de *Autoridad de Tierras* v. *Registrador,* supra, citó con aprobación el de *Muriente* v. *Registrador,* y expresamente resolvimos, a la página 507, que el exceso en la cabida de una finca al ser mensurada podía inscribirse y que "para ello precisará seguir el procedimiento establecido por la jurisprudencia, es decir, practicar una mensura con citación de los dueños colindantes y acreditar tanto la mensura como la citación acompañando al título una certificación del agrimensor a ese efecto."

El recurrente en este caso cumplió con esos requisitos y nada más podía exigirle el registrador. *En su virtud, procede la revocación de la nota recurrida, en tanto en cuanto denegó la inscripción del exceso en la cabida de la finca agrupada.*