Arcadio Estrada Linares, recurrente, *v.* El Registrador de la Propiedad de Aguadilla, recurrido.

Núm. 1182.—*Sometido:* Febrero 27, 1946. *Resuelto:* Abril 29, 1946.

*Héctor Reichard,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El recurrente, dueño de dos fincas rústicas colindantes entre sí, las agrupó para formar una sola, por escritura pública otorgada el 30 de agosto de 1945 y aclarada en una posterior otorgada el 11 de octubre de 1945. Las dos fincas originales tenían una cabida de treinta y seis y diez cuerdas, respectivamente. Mensuradas con el fin de agruparlas dieron una cabida de sesenta y siete cuerdas y milésimas. Para efectuar la mensura y levantar el plano correspondiente el agrimensor Ramón J. Ramírez citó a todos los colindantes y bajo juramento hizo constar:

"Que la mensura de dichas fincas en un solo cuerpo de bienes como se ha descrito en el párrafo anterior, es la cabida fiel y exacta de las mismas y ésta se practicó con citación de los propietarios colindantes, Cosme Vargas, Maximino Riesgo, Pedro Irizarry, Pablo E. Rodríguez y la Sucesión Elizardi, por su representante Antonio Elizardi y la Puerto Rico Reconstruction Administration en su representante y administrador Guillermo Esteves, quienes estuvieron conformes con tal cabida y descripción, manifestando que el aumento

excedente en cabida no les perjudica en modo alguno y prestan su más formal consentimiento para que esa cabida sea inscrita en el Registro de la Propiedad.''

Presentada la escritura y la certificación de mensura al registro el Registrador hizo constar lo siguiente en su nota:

''Inscrito este documento con vista de un acta aclaratoria, un plano y otro complementario en cuanto a cincuenta y cinco cuerdas veinte céntimos (55.20 cuerdas) o sea respecto a la cabida original de las fincas agrupadas con más el 20 por ciento de las mismas y denegada la inscripción respecto al exceso de la mensura hasta 67.802 cuerdas o sea en cuanto a 12.602 cuerdas por exceder dichas doce cuerdas seiscientos dos milésimos del 20 por ciento tomando en su lugar y en cuanto al exceso anotación preventiva por 120 días, . . . ''

Arguye el recurrente que el caso de autos se rige por nuestras decisiones en los recursos de *Autoridad de Tierras* v. *Registrador,* 62 D.P.R. 506, y *Gaya* v. *Registrador,* 63 D.P.R. 800, en los cuales resolvimos que el exceso en la cabida de una finca al ser mensurada puede inscribirse cuando practicada dicha mensura, con citación de los dueños colindantes, se acredita tanto la mensura como la citación acompañando al título una certificación del agrimensor a ese efecto.

Es cierto, pero en el primero el exceso en la cabida era mucho menor del 20 por ciento y expresamente dijimos que podía inscribirse ''sin necesidad de recurrir a un expediente de dominio o posesorio'', y en el segundo el registrador se limitó a sostener que los dueños colindantes debían comparecer en la escritura y aceptar la existencia del exceso y resolvimos que esto no era necesario. No se hizo hincapié por el registrador en el caso de *Gaya* en la cuestión de que el exceso en la cabida era mayor del 20 por ciento posiblemente porque el mismo era de sólo ochenta y ocho milésimas (.088) de una cuerda.

En el caso de autos, sin embargo, dicho exceso del 20 por ciento asciende a doce cuerdas, seiscientas dos milésimas (12.602) y la única cuestión planteada por el registrador es

que nuestras decisiones en los casos citados, así como en los de *Pellón* v. *Registrador,* 53 D.P.R. 526, y *Muriente* v. *Registrador,* 47 D.P.R. 246, si bien autorizan al registrador a inscribir un exceso en la cabida menor del 20 por ciento, cuando el agrimensor ha citado a los colindantes, al hacer la mensura, dichos casos no son autoridad para sostener que, aun cuando se cumpla con dicho requisito, procede la inscripción cuando el exceso es mayor de 20 por ciento de la cabida de la finca.

Tiene razón el Registrador. En ningún caso hemos resuelto que procede la inscripción de cualquier exceso en la cabida de una finca o solar nuevamente mensurado, sino que siempre se ha limitado el alcance de nuestras decisiones a aquellos casos en que la diferencia en la cabida es de poca importancia habiéndose establecido como máximum de la diferencia tolerada el 20 por ciento, *Ripoll* v. *Registrador,* 40 D.P.R. 808, en el que se resolvió, según se hace constar en el sumario, que: "Bien se trate de fincas pequeñas o de gran cabida, cuando mensuradas las mismas resulta un exceso *del 20 por ciento o menos,* este exceso es inscribible sin necesidad de recurrirse a los medios supletorios que autoriza la Ley Hipotecaria." (Bastardillas nuestras.) Véanse, además, *Cobb* v. *El Registrador de la Propiedad,* 12 D.P.R. 218; *Figueroa* v. *Registrador de Arecibo,* 22 D.P.R. 657; *Valladares* v. *El Registrador,* 23 D.P.R. 45; *Delgado* v. *El Registrador de Arecibo,* 29 D.P.R. 867.

*Debe confirmarse la nota recurrida.*