FRANCISCO PÉREZ FERNÁNDEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 1225.—*Sometido:* Diciembre 3, 1947. *Resuelto:* Diciembre 23, 1947.

*H. Torres Solá y María A. Torres Capó,* abogados del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Por escritura otorgada bajo el número 39 en la ciudad de San Juan ante el notario Heriberto Torres Solá, Leonardo Viera Mendez y su esposa Juana Ortiz vendieron a Francisco Pérez Fernández y su esposa Elisa Giménez Cerra una finca urbana situada en la Avenida Eduardo Conde de Santurce. En la escritura se hizo constar que el solar se componía de 505 metros 40 centímetros cuadrados y que del mismo los vendedores ya habían segregado 171.39 metros cuadrados. También, que previa citación de los dueños de los predios colindantes y del Gobierno de la Capital se efectuó una mensura y como resultado de la misma el área remanente del solar en que enclavaba la propiedad vendida resultó ser 422.86 metros cuadrados.

Llevada la anterior escritura al Registrador de la Propiedad de San Juan, Sección Primera,(¹) éste hizo constar al calce de la misma lo siguiente:

(¹) Tanto la "Certificación de Mensura" como el plano levantado por el ingeniero civil que la practicó acompañaban la escritura al ser ésta presentada.

"Inscrito al folio 71 vto. del tomo 88 de Santurce Norte, finca 3118 [2], inscripción 11ª. pero en lo que respecta al solar sólo en cuanto a la cabida de 400.8120 m.c. con que resulta dicho solar del Registro más el 20 por ciento de su superficie en virtud de la mensura y·denegado en cuanto al exceso de 22.0480 m.c. de acuerdo con lo resuelto repetidamente, por nuestro Tribunal Supremo, habiéndose tomado en su lugar· anotación por 120 días al propio folio y tomo indicados. Libre de cargas. San Juan, mayo 26, 1947."

El adquirente Francisco Pérez Fernández ha acudido ante nos mediante recurso gubernativo y en apoyo del mismo sostiene que:

"Erró el registrador al denegar la inscripción de 22.0480 metros cuadrados, como parte del remanente de cabida rectificada de un solar de 647 metros cuadrados, deduciéndose de su cabida dos segregaciones de 141.60 metros cuadrados y 171.39 metros cuadrados, respectivamente."

El recurrente basa su recurso principalmente en los casos de *Mattei* v. *Registrador,* 53 D.P.R. 455 y *Gaya* v. *Registrador,* 63 D.P.R. 800.

Es cierto que en el primero de ellos (*Mattei* v. *Registrador*) dijimos a la página 459:

"Teniendo la recurrente un título de dominio escrito e inscrito en el registro, en el cual aparecen claramente descritos los linderos de la finca, que son los mismos dentro de los cuales se practicó la nueva mensura, *si de dicha mensura resultó una cabida mayor que la que se hiciera constar en el registro, el remedio* más rápido, más adecuado y más justo, que ha sido sancionado por la jurisprudencia de esta Corte Suprema, *es practicar una mensura de la finca con citación de los propietarios colindantes en el caso de que la diferencia entre la cabida inscrita y la·resultante de la nueva mensura fuere mayor de un 20 por ciento. Si la diferencia fuere menor de un 20 por ciento, el registrador está facultado para hacer la correspondiente rectificación en los libros del registro, aun cuando no se hubiere citado a los colindantes.* Véanse: *Cobb* v. *Registrador,* 12 D.P.R. 218; *Delgado* v. *Registrador,* 29 D.P.R. 867; *Ripoll* v. *Registrador,* 40 D.P.R. 808; *Muriente* v. *Registrador,* 47 D.P.R. 246; *Aboy Vda. de Cintrón* v. *Registrador,* 52 D.P.R. 150; Odriozola, Jurisprudencia Hipotecaria, páginas 772 a 777." (Bastardillas nuestras.)

Sin embargo, las manifestaciones que preceden no están sostenidas por los casos que en ella se citan. Tampoco han sido seguidas por casos posteriores de este Tribunal.

En el segundo de los casos en que se basa el recurrente (*Gaya* v. *Registrador*) el exceso de cabida pasaba ligeramente del 20 por ciento. No obstante, según hicimos constar claramente en el de *Estrada* v. *Registrador,* 65 D.P.R. 965, 966, refiriéndonos al de *Gaya,* supra, "el registrador se limitó a sostener que los dueños colindantes debían comparecer en la escritura y aceptar la existencia del exceso y resolvimos que esto no era necesario. No se hizo hincapié por el registrador en el caso de *Gaya* en la cuestión de que el exceso en la cabida era mayor del 20 por ciento posiblemente porque el mismo era de sólo ochenta y ocho milésimas (.088) de una cuerda."

También dijimos en el recurso de *Estrada,* supra, a la página 967, que "En ningún caso hemos resuelto que procede la inscripción de cualquier exceso en la cabida de una finca o solar nuevamente mensurado, sino que *siempre se ha limitado el alcance de nuestras decisiones a aquellos casos en que la diferencia en la cabida es de poca importancia habiéndose establecido como máximum de la diferencia tolerada el 20 por ciento. . . .*" (Bastardillas nuestras.) Ése sigue siendo nuestro criterio.

El párrafo antes citado del caso de *Mattei* v. *Registrador,* supra, fué revocado *sub silentio* por los de *Autoridad de Tierras* v. *Registrador,* 62 D.P.R. 506, y *Estrada* v. *Registrador,* supra. Ahora debe serlo expresamente. El principio sentado en los dos últimos es el correcto.

En el caso que nos ocupa se practicó la mensura con citación de los dueños colindantes, se acreditaron tanto la mensura como la citación y se acompañó al título certificación de un ingeniero civil a ese efecto. Pero el exceso en cabida resultó ser mayor del 20 por ciento y el mismo no podía inscribirse en la forma solicitada. Para ello debió acudirse a los medios supletorios que autoriza la Ley Hipotecaria.

Insiste por otra parte el recurrente en que como la cabida original de la finca era 647 metros cuadrados y de la misma se segregaron 141.60 y 171.30 metros cuadrados que vinieron a formar dos fincas distintas y que como el agrimensor para medir el remanente citó a los propietarios colindantes, entre ellos a los dueños de las dos fincas segregadas, y midió no sólo el remanente en sí, sino la totalidad de la finca tal cual figuraba antes de las segregaciones, el exceso en cabida en realidad no llega al 20 por ciento, procediendo, en su consecuencia, la inscripción de tal exceso en armonía con la jurisprudencia de este Tribunal. No estamos de acuerdo. La propiedad que se trata de inscribir es hoy en día una finca separada e independiente de aquéllas que le fueron segregadas y lo único que el Registrador tuvo ante sí fué el exceso del remanente. Éste, como ya hemos dicho, pasaba del 20 por ciento.

*Debe confirmarse la nota recurrida.*