SERVICIO DE ACUEDUCTOS Y ALCANTARILLADOS DE PUERTO RICO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE RÍO PIEDRAS, recurrido.

Núm. 1238.—*Sometido:* Enero 10, 1949. *Resuelto:* Julio 6, 1949.

*Miguel Pargo* y *Manuel A. Bustelo,* abogados del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Negrón Fernández emitió la opinión del tribunal.

El Servicio de Acueductos y Alcantarillados de Puerto Rico demandó ante el Tribunal de Distrito de San Juan, en expropiación forzosa, a la Sucn. de José Santana a fin de adquirir un solar, en Hato Rey, del término municipal de Río Piedras, con un área superficial de 339.26 metros cuadrados, dándose, como colindancias en la descripción del mismo: por el norte, la calle Quintana; por el sur, el Servicio de Acueductos y Alcantarillados de Puerto Rico, y por el este y oeste, la finca principal de la cual formaba parte, propiedad de don José Santana. Se incluyeron como partes demandadas, además, a El Pueblo de Puerto Rico "y todas las personas que tengan o reclamen algún derecho o interés en la finca objeto de este procedimiento y que se designan como Fulano, Mengano y Zutano." Se hizo constar en la demanda que el solar objeto de la expropiación estaba inscrito en el Registro de la Propiedad de Río Piedras, con un área superficial de 297.50 metros cuadrados, pero que "de conformidad con la mensura practicada recientemente sobre el terreno aparece el mismo [el solar] con una cabida total de 339.26 metros cuadrados."

Contestaron los miembros de la Sucn. demandada aceptando las alegaciones de la demanda y solicitando del tribunal que declarara con lugar la misma, ya que aceptaban la cantidad de $5,000 que les había sido ofrecida por el demandante como compensación por la indicada propiedad y que originalmente habían rechazado.

El Pueblo de Puerto Rico compareció reclamando un crédito por contribuciones sobre la propiedad ascendente a $106.48. No compareció en el procedimiento persona otra alguna que reclamare tener derecho alguno o interés en la indicada finca, no obstante la publicación de edictos llevada a cabo en cumplimiento de orden del tribunal.

Consignada en la Secretaría de la corte inferior la suma de $5,000 de acuerdo con las alegaciones y la conformidad de la Sucn. demandada, se dictó sentencia declarando con lugar la demanda, en la cual se ordenó al Registrador de la Propiedad de Río Piedras que inscribiera en dicho Registro la finca objeto de la expropiación, a favor del demandante.

Presentada para su inscripción en el Registro de la Propiedad de Río Piedras copia certificada de dicha sentencia el Registrador procedió a la inscripción del solar en cuanto a la cabida que aparecía del Registro, denegándola en cuanto a la diferencia, con la siguiente nota:

"Inscrito este documento, sólo en cuanto a los 297.50 m/c que es con lo que consta de cabida en este Registro al folio 66 vuelto del tomo 168 de Río Piedras, finca núm. 871, inscripción cuarta de dominio, cuya inscripción se ha denegado en cuanto a 41.76 m/c que es la diferencia entre la cabida del Registro y la de 339.26 m/c con que aparece la finca según este documento, por no aparecer tal diferencia inscrita a nombre de persona alguna, tomándose en su lugar anotación preventiva por 120 días, de acuerdo con la ley. Esa finca no reporta cargas. Río Piedras, a 25 de junio de 1948."

Contra dicha nota ha recurrido el Servicio de Acueductos y Alcantarillados de Puerto Rico solicitando la revocación de la misma en cuanto a la negativa del Registrador a inscribir la diferencia entre la cabida del mencionado solar, según consignada en la sentencia, y la cabida, según el Registro.

■ Sostiene el recurrente que de acuerdo con decisiones de este Tribunal en recursos anteriores(¹) interpretando el artículo 18 de la Ley Hipotecaria, el Registrador no tenía facultad para dejar de inscribir la finca expropiada en la totalidad de la cabida según se describía en la sentencia; y

(¹)Ramos v. Registrador, 16 D.P.R. 60; Ramírez v. Registrador, 16 D.P.R. 348; Hernández v. Registrador, 16 D.P.R. 464; Inchausti v. Registrador, 17 D.P.R. 596; Medina v. Registrador, 19 D.P.R. 1016; Alvarez et al. v. Registrador, 24 D.P.R. 427; Cintrón v. Registrador, 35 D.P.R. 806; Sucn. Estrella v. Registrador, 41 D.P.R. 756 y González Clemente (J) & Co. v. Registrador, 42 D.P.R. 717.

que al así hacerlo intervino con las conclusiones de hecho a que llegó la corte sentenciadora, lo cual le está vedado por el citado artículo de la Ley Hipotecaria. Sostiene además que si al calificar la sentencia presentada para inscripción el Registrador hubiese encontrado de su faz que la corte no tenía jurisdicción (*Zayas* v. *Registrador,* 36 D.P.R. 785) o que no se hubiese cumplido con algún requisito jurisdiccional del estatuto (*Vivaldi & Arbona* v. *Registrador,* 36 D.P.R. 552; *Caballero et al.* v. *Registrador,* 35 D.P.R. 617) o que las personas que eran dueñas o tenían algún interés sobre el inmueble objeto de la expropiación, según el Registro, no habían sido notificadas debidamente de la demanda interpuesta (*Banco Comercial de P. R.* v. *El Registrador,* 24 D.P.R. 710; *Ortiz* v. *El Registrador,* 22 D.P.R. 339) entonces el Registrador sí hubiera podido denegar la inscripción del inmueble. Su posición es que en el presente caso la denegatoria del Registrador no cae bajo ninguna de estas circunstancias y que por lo tanto su nota debe ser revocada en cuanto al exceso de cabida.

Sostiene el Registrador, por su parte, que no apareciendo inscritos a favor de los demandados en el procedimiento de expropiación forzosa, ni de persona otra alguna, los 41.76 metros cuadrados que constituyen la diferencia entre la cabida del inmueble según el Registro y la que aparece de la sentencia, no procedía dicha inscripción en cuanto a dicho exceso, según lo resuelto por este Tribunal en el caso de *American Railroad Co. of Porto Rico* v. *Registrador,* 14 D.P.R. 727; que tampoco procedía dicha inscripción por no haberse acompañado a la sentencia el certificado de mensura del cual constara que los propietarios colindantes habían sido citados previamente al efectuarse la misma; que de las constancias del Registro aparecían como colindantes personas distintas de las que aparecían en la descripción de la finca según la sentencia y que el haberse incluído como demandados a Fulano y Zutano, en el procedimiento de expropiación, no

236

cumplía el requisito de aviso previo a los colindantes que del Registro aparecían.

Hemos resuelto que una diferencia en cabida entre la expresada en el título que se presenta para inscribir y la que resulta del Registro, que no exceda al 20 por ciento de la cabida inscrita, puede inscribirse sin necesidad de recurrir a un expediente de dominio o posesorio, pero para ello precisa seguirse el procedimiento establecido por la jurisprudencia, es decir, practicar una mensura con citación de los dueños colindantes y acreditar tanto la mensura como la citación, acompañando al título una certificación del agrimensor a ese efecto. *Autoridad de Tierras* v. *Registrador,* 62 D.P.R. 506, y casos allí citados; *Estrada* v. *Registrador,* 65 D.P.R. 965; *Pérez* v. *Registrador,* 67 D.P.R. 966. Sin embargo, cuando se trata de títulos investidos en El Pueblo de Puerto Rico, o sus agencias o instrumentalidades, en el ejercicio del poder eminente del Estado, mediante expropiación forzosa, la situación varía.

■ El artículo 20 de la Ley Hipotecaria,(²) invocado por

(²)Dicho artículo dispone: ''Para inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales, deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen.

''Los registradores denegarán la inscripción de dichos títulos mientras no se cumpla este requisito, siendo responsables directamente de los perjuicios que causen a un tercero por la infracción de este precepto.

''No obstante, podrán inscribir sin dicho requisito los títulos otorgados por personas que hubiesen adquirido el derecho sobre los mismos bienes con anterioridad al día en que empezó a regir la Ley Hipotecaria, siempre que justifiquen su adquisición con documentos fehacientes y no estuviese inscrito el mismo derecho a favor de otra persona; pero en el asiento solicitado se expresarán las circunstancias esenciales de tal adquisición, tomándolas de los documentos necesarios al efecto.

''En el caso de resultar inscrito aquel derecho a favor de persona distinta de la que otorgue la transmisión o gravamen, los registradores denegarán la inscripción solicitada.

''Cuando no resultare inscrito a favor de persona alguna el mencionado derecho y no se justificare tampoco que lo adquirió el otorgante antes de la citada fecha, los registradores harán anotación preventiva a solicitud del interesado, la cual subsistirá durante el plazo que señala el artículo 96 de esta Ley.'' (El artículo 96 de la Ley Hipotecaria ha sido derogado.) Compilación de los Estatutos Revisados y Códigos de Puerto Rico, ed. de 1941.

el Registrador recurrido, establece el requisito de la previa inscripción, a favor de la persona que otorgue o en nombre de quien se haga la *transmisión* o *gravamen,* de los bienes inmuebles o derechos reales, para que puedan inscribirse o anotarse en el Registro los títulos en que se *transfiera* o *grave* el dominio o la posesión de dichos bienes. Dicho artículo es terminante en cuanto al requisito de inscripción previa, siempre que se trate de títulos *truslativos* del dominio sobre un inmueble. Pero los títulos *declarativos* del dominio o la posesión de inmuebles o derechos reales no están comprendidos en la letra del artículo 20. Morell y Terry, Legislación Hipotecaria, ed. 1917, vol. 2, pág. 403.

■■ El artículo 2 de la Ley Hipotecaria(³) establece qué títulos se inscribirán en los registros de la propiedad. Entre éstos están los títulos *truslativos* o *declarativos* del dominio de los inmuebles o de los derechos reales impuestos sobre los mismos. El título que se adquiere mediante expropiación forzosa, en el ejercicio del poder de *dominio eminente* del Estado es un nuevo título que no transmite derecho alguno de los

---

(³)El referido artículo 2 dispone: ''En los registros expresados en el artículo anterior se inscribirán:

''1. Los títulos traslativos o declarativos del dominio de los inmuebles o de los derechos reales impuestos sobre los mismos.

''2. Los títulos en que se constituyan, reconozcan, modifiquen o extingan derechos de usufructo, uso, habitación, enfiteusis, hipotecas, censos, servidumbres y otros cualesquiera reales.

''3. Los actos o contratos en cuya virtud se adjudiquen a alguno bienes inmuebles o derechos reales, aunque sea con la obligación de transmitirlos a otro o de invertir su importe en objetos determinados.

''4. Las ejecutorias en que se declare la incapacidad legal para administrar, o la presunción de muerte de personas ausentes, se imponga la pena de interdicción o cualquiera otra por la que se modifique la capacidad civil de las personas en cuanto a la libre disposición de sus bienes.

''5. Los contratos de arrendamiento de bienes inmuebles por un período que exceda de seis años, o los en que se hayan anticipado las rentas de tres o más años, o cuando, sin tener ninguna de estas condiciones, hubiere convenio expreso de las partes para que se inscriban.

''6. Los títulos de adquisición de los bienes inmuebles y derechos reales que posean o administren el Estado o las corporaciones civiles o eclesiásticas con sujeción a lo establecido en las leyes o reglamentos.'' Compilación de los Estatutos Revisados y Códigos de Puerto Rico, ed. de 1941.

anteriores dueños o personas con interés en los inmuebles objeto de la expropiación, sino que declara que el expropiante adquiere un nuevo título, absoluto contra todo el mundo, quedando cancelados e inexistentes todos los demás derechos que sobre la propiedad expropiada pudieran tener otras personas. *Duckett & Co.* v. *United Sates,* (1924), 266 U. S. 149, 69 L. ed. 216; *Emery* v. *Boston Terminal Co.,* 178 Mass. 172, 59 N. E. 763.

La razón para la regla de que el título adquirido mediante expropiación forzosa no es uno *derivado* del título del anterior dueño y sí uno nuevo e independiente, es que el procedimiento de expropiación forzosa va dirigido contra el inmueble mismo—*in rem.* Como consecuencia, el título del anterior dueño se extingue y surge un nuevo título en el expropiante. *Johnson, Collector of Taxes* v. *Revere Building,* 276 Mass. 576, 177 N. E. 577, 79 A.L.R. 112, 115.

Siendo ello así es inscribible el título con que queda investido El Pueblo de Puerto Rico, o cualquiera de sus agencias o instrumentalidades, en un procedimiento de expropiación forzosa, aun cuando el inmueble objeto de la expropiación no figure previamente inscrito en el registro de la propiedad a favor de los demandados en dicho procedimiento. El Gobierno, en el ejercicio de su poder de expropiación, ocupa una posición diferente a aquella de un comprador voluntario, ya que, como hemos dicho, la expropiación va dirigida al inmueble mismo y no al título. *United States* v. *19.86 Acres of Land,* (C.C.A. 7), 141 F.2d 344.

Este Tribunal, en *American Railroad Co. of Porto Rico* v. *Registrador,* supra, confirmando una nota denegatoria del Registrador de la Propiedad de Aguadilla al negarse a inscribir título de propiedad en procedimiento de expropiación forzosa, resolvió que en las inscripciones de títulos de propiedad otorgados por las cortes en expedientes de expropiación forzosa debían aplicarse los preceptos terminantes del artículo 20 de la Ley Hipotecaria, ya que éste no había que-

dado derogado por la sección 9 de la Ley de Expropiación Forzosa de 12 de marzo de 1903, y que no constando previamente inscritas a nombre de los demandados en el procedimiento de expropiación las fincas expropiadas, procedió correctamente el Registrador al denegar la inscripción del documento presentádole.

Por considerar errónea la doctrina establecida en dicho caso, tanto a la luz de los preceptos de la Ley Hipotecaria como bajo los principios del derecho del Estado a adquirir mediante expropiación forzosa, la misma queda revocada.

*Por los motivos expuestos, debe revocarse la nota recurrida, y ordenarse la inscripción del inmueble en la totalidad de la cabida según resulta de la sentencia en el pleito de expropiación forzosa.*