CARMEN MARÍA GARCÍA DE QUEVEDO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, recurrido.

Núm. 1260. *Sometido:* Abril 3, 1950. *Resuelto:* Abril 10, 1950.

*C. Domínguez Rubio, Antonio M. Bird* y *José Vila Ruiz,* abogados de la recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En la escritura pública núm. 86 otorgada en San Juan el 12 de julio de 1949 ante el notario José Vila Ruiz, la compareciente Carmen María García de Quevedo hizo constar que es dueña en pleno y absoluto dominio de un solar ubicado en el sitio conocido por Bayola, de Santurce, con área de 910 metros cuadrados; que del mismo se segregaron un solar de 361.72 metros cuadrados, que fué inscrito a favor de Ana María Landrón Becerra, y una porción de 82.95 metros cuadrados, que luego de agrupada a otra finca ya inscrita se inscribió como la finca núm. 7263; que ella comisionó al agrimensor Juan Pacheco Tavárez para que previo aviso a los dueños colindantes practicase una mensura del remanente de la finca original, luego de excluir las dos segregaciones mencionadas; que dicha mensura fué realizada en estricto cumplimiento con las indicaciones, levantándose un plano del aludido remanente, resultando de la mensura que la cabida real de dicho remamente lo era 722.95 metros cuadrados; que acompañaba y unía a dicha escritura la certificación de la mensura hecha por el citado agrimensor, al igual que una copia del plano levantado; y que solicitaba del registrador procediera a hacer constar en los libros a su cargo la rectifi-

cación en la cabida del citado inmueble, inscribiendo a su favor el exceso.

Presentada al Registrador la anterior escritura, éste denegó su inscripción conforme aparece de la siguiente nota:

"De este documento se ha tomado razón al margen de la inscripción 16ª de la finca 286⁴ al folio 195 vto. del tomo 86 de Santurce Norte, sólo en cuanto a la cabida de 558.39 metros cuadrados con que el resto aquí descrito resulta del Registro más el 20 por ciento de su superficie en virtud de la mensura practicada, y denegado en lo que respecta al exceso de 164.56 metros cuadrados, de acuerdo con lo resuelto por nuestro Tribunal Supremo en el caso de Francisco Pérez Fernández versus Registrador de la Propiedad de San Juan (67 D.P.R. 966), habiéndose tomado en su lugar anotación por 120 días al propio folio y tomo indicado.   San Juan, agosto 4, 1949."

¿Procedió acertadamente el registrador al actuar en la forma en que lo hizo?   Reiteradamente ha decidido este Tribunal que para inscribir el exceso de cabida de una finca es necesario practicar una mensura de la misma con citación de los dueños colindantes y acreditar tanto la mensura como la citación, acompañando al título una certificación del agrimensor a ese efecto; que siguiendo ese procedimiento puede inscribirse el exceso de cabida siempre que éste no pase del 20 por ciento del área total de la finca; y que si la cabida en exceso pasare del 20 por ciento entonces es necesario acudir a los medios supletorios autorizados por la Ley Hipotecaria. *Autoridad de Tierras* v. *Registrador*, 62 D.P.R. 506, 507; *Pérez* v. *Registrador*, 67 D.P.R. 966, 968; *Rodríguez* v. *Registrador*, 68 D.P.R 668, 673; *Servicio de Acueductos* v. *Registrador*, 70 D.P.R. 232, 236.

No obstante reconocer el alcance de los casos citados, la recurrente nos pide que revoquemos todos ellos y que volvamos a la doctrina establecida por nosotros en el caso de *Mattei* v. *Registrador*, 53 D.P.R. 455, en el cual nos expresamos así a la página 459:

"Teniendo la recurrente un título de dominio escrito e inscrito en el registro, en el cual aparecen claramente descritos los

linderos de la finca, que son los mismos dentro de los cuales se practicó la nueva mensura, si de dicha mensura resultó una cabida mayor que la que se hiciera constar en el registro, el remedio más rápido, más adecuado y más justo, que ha sido sancionado por la jurisprudencia de esta Corte Suprema, es practicar una mensura de la finca con citación de los propietarios colindantes en el caso de que la diferencia entre la cabida inscrita y la resultante de la nueva mensura fuere mayor de un 20 por ciento. Si la diferencia fuere menor de un 20 por ciento, el registrador está facultado para hacer la correspondiente rectificación en los libros del registro, aun cuando no se hubiere citado a los colindantes. Véanse (CITAS)."

En *Pérez* v. *Registrador*, supra, dijimos a la página 968 que ". . . las manifestaciones que preceden no están sostenidas por los casos que en ella se citan. Tampoco han sido seguidas por casos posteriores de este Tribunal" y que "El párrafo antes citado del caso de *Mattei* v. *Registrador*, supra, fué revocado *sub silentio* por los de *Autoridad de Tierras* v. *Registrador*, 62 D.P.R. 506 y *Estrada* v. *Registrador*, supra," También indicamos que el caso de *Mattei* v. *Registrador* quedaba expresamente revocado y que el principio enunciado en los de *Autoridad de Tierras* y *Estrada*, supra, era el correcto.

Hemos estudiado nuevamente la cuestión con el mayor detenimiento y no vemos, en verdad, razón para que revoquemos la doctrina en ellos sentada. Por el contrario, debemos ratificarnos en la misma. En apoyo de nuestro criterio véanse, además de los casos citados, Morell, Legislación Hipotecaria, Tomo Segundo, edición 1917, donde este ilustre tratadista se expresa así, a la página 108:

"La adquisición ó legítima posesión del exceso de cabida ha de justificarse o con los títulos en que conste, o por los medios supletorios establecidos en la ley; *informaciones de dominio o de posesión.*" (Bastardillas nuestras),

así como Barrachina, Derecho Hipotecario y Notarial, tomo 1, edición 1910, pág. 89, y la Resolución de la Dirección General de los Registros de 20 de marzo de 1901, que aparece publicada en 91 Jurisprudencia Civil, 385, en la cual se dijo a la página 391 que:

". . . toda vez que la expresada zona excede con mucho de la quinta parte de la cabida total que aparece inscrita en el Registro:. . . . . . . . . . . Esta Dirección General ha acordado que no ha lugar a inscribir . . . mientras no se inscriban previamente a nombre de los vendedores los correspondientes títulos de adquisición de dicho terreno, o los que sean supletorios con arreglo al título 14 de la Ley Hipotecaria,. . ."

Al igual que en la ley nuestra, el tít. 14 de la Ley Hipotecaria de España trata de los expedientes posesorios y de dominio.

▆ Al sostener que la doctrina establecida por nosotros en los casos de *Pérez* y *Rodríguez*, supra, debe ser revocada, nos pregunta la recurrente: "¿En qué sitio o lugar de la finca de la recurrente una vez medida está localizada o puede localizarse la totalidad de ese exceso, parte del cual fué inscrito en parte y denegado en parte, por el registrador?" y "¿Cuántos millares de parcelas con cabida de 257.62 metros cuadrados (excedente de la finca) podrían formarse dentro de la finca de la recurrente, que tiene según el registro, 465.33 metros cuadrados?"

Al contestar estas preguntas empezaremos diciendo que el exceso no inscrito en cabida no es de 257.62 metros cuadrados sino meramente de 164.56 metros cuadrados, ya que de acuerdo con nuestra jurisprudencia el registrador muy acertadamente procedió a inscribir, como resultado de la mensura hecha y de los documentos presentádosle, el 20 por ciento del exceso en cabida del remanente de la finca.[1] La cabida en exceso de ese 20 por ciento puede inscribirse, según repetidamente hemos decidido, acudiendo a los medios supletorios autorizados por la Ley Hipotecaria. Estos medios supletorios no son otros que el expediente posesorio o el de dominio.

En casos de esta índole lo procedente es que si la persona dueña de la finca que al ser mensurada resulta con cabida en

---

[1] El remanente de la finca tiene un área de 465.33 metros cuadrados. El 20 por ciento de ese remanente es igual a 93.06 metros cuadrados. El área total inscrita es de 558.39 metros cuadrados, o sea la suma de esas dos cantidades. Como al mensurarse la finca ésta resultó tener un área de 722.95 metros cuadrados, la diferencia no inscrita es de 164.56 metros cuadrados.

exceso del 20 por ciento tan sólo tiene la posesión inscrita a su favor, ella tramite un expediente posesorio para inscribir tal exceso; y que si tiene inscrito el dominio, tramite un expediente de dominio. En uno u otro caso no será menester que en la solicitud se den los linderos de la cabida en exceso, sino que luego de hacerse constar en la misma que se está en posesión o que se tiene el dominio de la finca, dando los linderos de ésta, deberá alegarse que mensurada la finca, con citación de los dueños colindantes, ella resultó tener una cabida en exceso del 20 por ciento; que el exceso hasta el 20 por ciento ha sido debidamente inscrito; que el expediente se tramita con el único propósito de inscribir la posesión o dominio, según sea el caso, de la cabida en exceso del 20 por ciento; y que una vez aprobado el expediente y hecha la rectificación correspondiente el área de la finca será tal o cual y sus linderos serán los mismos que figuran en la finca inscrita. Los colindantes a ser citados serán los de ésta. La alegación de que el promovente paga las contribuciones a título de dueño se ajustaría a la verdad, aunque desde luego, la cuestión de si el Tesorero puede o no dar a la finca luego de rectificarse la cabida una tasación más elevada es una que no está ahora ante nuestra consideración.

*Debe confirmarse la nota recurrida.*