Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| DIANA MORALES T/C/C DIANA MORALES ALMÓDOVAR T/C/C DIANA M. ALMÓDOVAR<br><br>Apelante<br><br>EX PARTE | KLAN202400228 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: RN2023CV00068<br><br>Sobre: Expediente de Dominio |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 16 de mayo de 2024.

Comparece ante nos la señora Diana Morales Penchi ("Sra. Morales Penchi" o "Apelante") mediante escrito intitulado *Apelación* presentado el 7 de marzo de 2024. Nos solicita que revoquemos la *Sentencia* emitida el 17 de enero de 2024, notificada el día 19 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla ("foro *a quo*" o "foro apelado"). Mediante el referido dictamen, el foro apelado desestimó sin perjuicio la *Petición* sobre Expediente de Dominio presentada por la Apelante.

Por los fundamentos expuestos a continuación, **revocamos** la *Sentencia* apelada.

### I.

El 27 de octubre de 2023, la Sra. Morales Penchi presentó una *Petición* sobre expediente de dominio y usucapión ante el foro primario.[1] Mediante esta, señaló que el señor Juan Morales Silva y

---

[1] Apéndice apelación, págs. 34-37.

Tomasa Noriega Silva eran los dueños de la Finca Número 897 ubicada en el pueblo Rincón, inscrita en la Sección Primera del Registro de la Propiedad de Aguadilla, la cual tiene la siguiente descripción registral:

> RÚSTICA: Radicada en el barrio Cruz de Rincón. Solar: Cabida: 20,870.37 Metros Cuadrados. Linderos: NORTE, Juan Noriega Silva y Flor Acevedo; al SUR, Sucesión de Gerardo Noriega; al ESTE, un camino vecinal; y al OESTE, otro camino vecinal.

> Inscrita al folio 13 del tomo 25 de Rincón finca número 897 del Registro de la Propiedad de Aguadilla Sección Primera.

Sostuvo que el señor Francisco Morales Noriega y el señor Juan Morales Noriega ("Sucesión Morales Noriega") eran dueños por herencia de la aludida propiedad. A su vez, indicó que era miembro de la Sucesión del señor Francisco Morales Noriega, por virtud de la Escritura Número 105 otorgada el 19 de septiembre de 1998 ante la notaria Ruby Ada Rodríguez Mercado.

En cuanto a la aludida propiedad, arguyó que el causante Juan Morales Silva, sustituido posteriormente por la Sucesión Morales Noriega, solicitó ante la extinta Administración de Reglamentos y Permisos ("ARPE")[2] la segregación de la Finca 897 en 10 lotes de terreno. Dicha solicitud fue aprobada por ARPE el 21 de febrero de 1984. Posteriormente, el 30 de noviembre de 2000, se otorgó la Escritura Número 100 de *Partición de Bienes Hereditarios* ante la notaria Ruby Ada Rodríguez Mercado, en la que se segregaron 10 lotes de terrenos, de los cuales se le adjudicó al señor Francisco Morales Noriega los lotes 6 y 7 de la segregación aprobada por ARPE. Añadió que dicha escritura no se había podido inscribir ya que, según el Registro de la Propiedad, la cabida de la Finca 897 es de 16,941.9703 metros cuadrados, equivalentes a 4.3105 cuerdas. No obstante, esgrimió que los planos aprobados por ARPE

---

[2] Actualmente denominada como Oficina de Gerencia de Permisos.

desde 1984 establecen una cabida distinta de 22,699.5744 metros cuadrados, equivalentes a 5.7754 cuerdas.

Por tales razones, solicitó el expediente de dominio para que se le ordenara al Registro de la Propiedad a corregir la cabida de la Finca 897, conforme a lo dispuesto en los planos aprobados por ARPE. Solicitó, además, que se inscribiera a nombre de la Sucesión Francisco Morales Noriega los solares 6 y 7 y que se cediera para uso público los solares 9 y 10 de la aludida finca.

Luego de varios trámites procesales, el 4 de diciembre 2023, el foro *a quo* emitió y notificó una *Orden*, donde dispuso lo siguiente:

> Muestre causa la parte Peticionaria en el término de diez días, por lo cual el Tribunal no deba desestimar la Petición, toda vez que el problema en la cabida es originado por errores en la mensura y escritura de segregación, lo[s] cuales no son materia de adjudicación judicial y tienen que ser subsanados mediante el trámite notarial.[3]

Oportunamente, el 14 de diciembre de 2023, la Apelante presentó *Moción en Cumplimiento de Orden.* En esencia, argumentó que no existe concordancia entre el Registro de la Propiedad y la realidad jurídica sobre la cabida de la Finca 897. En vista de que existía una diferencia de cabida que supera el 20%, arguyó que la rectificación de cabida debe llevarse a cabo por la vía judicial mediante el proceso de expediente de dominio.

Evaluados los argumentos esbozados por la Apelante, el 17 de enero de 2024, notificada el 19 del mismo mes y año, el foro *a quo* dictó *Sentencia,* en la que resolvió lo siguiente:[4]

> No habiéndose presentado documentación alguna, que evidencie que el predio objeto de la Petición fue segregado de la finca de mayor cabida, y estando inscrita la finca principal de la cual proviene, se declara **No Ha Lugar** la Petición presentada y se ***desestima*** la misma, sin perjuicio. (Énfasis en original).

---

[3] Apéndice apelación, pág. 38.
[4] *Íd,* págs.1-2.

Inconforme con tal determinación, el 31 de enero de 2024, la Apelante presentó *Reconsideración*, la cual fue declarada *No Ha Lugar* mediante *Resolución* emitida el 8 de febrero de 2024, notificada al próximo día. Insatisfecha aun, el 7 de marzo de 2024, la Apelante acudió ante esta Curia y formuló el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia, al considerar que el Expediente de Dominio no es el procedimiento para rectificar la cabida de una finca ya inscrita cuando la cabida resultante es por aumento de cabida superior al 20%.

Evaluados los planteamientos presentados por la Apelante en el presente recurso, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

**II.**
**A. *Rectificación de Cabida***

"Una de las maneras de lograr concordancia entre el Registro y la realidad extra registral es el procedimiento de rectificación de cabida". *Alameda Tower v. Muñoz Román*, 129 DPR 698, 708 esc. 2 (1992). El Tribunal Supremo de Puerto Rico ha reiterado que "para inscribir el exceso de cabida de una finca es necesario practicar una mensura de la misma con citación de los dueños colindantes y acreditar tanto la mensura como la citación, acompañando al título una certificación del agrimensor a ese efecto". *García v. Registrador*, 71 DPR 202, 205 (1950). Nuestro Más Alto Foro igualmente ha especificado que "siguiendo ese procedimiento puede inscribirse el exceso de cabida siempre que éste no pase del 20 por ciento del área total de la finca; y que **si la cabida en exceso pasare del 20 por ciento entonces es necesario acudir a los medios supletorios autorizados por la Ley Hipotecaria**". *Íd.* (énfasis nuestro). "**Estos medios supletorios no son otros que el expediente posesorio o el de dominio**". *Íd,* pág. 207. (énfasis nuestro). *Véase* además *Autoridad de Tierras v. Registrador*, 62 DPR 506, 507 (1943); *Pérez*

*V. Registrador*, 67 DPR 966,968 (1947); *Rodríguez v. Registrador*, 68 DPR 668, 673 (1948); *Servicio de Acueductos v. Registrador*, 70 DPR 232, 236 (1949).

A esos fines, la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico,* Ley Núm. 210 de 8 de diciembre de 2015, según enmendada, 30 LPRA sec. 6001 *et seq.* ("Ley Núm. 210-2015"), provee varias alternativas para lograr la modificación de la cabida de una finca para que el Registro de la Propiedad refleje la realidad extra registral. En particular, el Artículo 195 de la Ley Núm. 210-2015, *supra,* dispone lo siguiente:

> La rectificación de cabida de todas las fincas inscritas podrá hacerse constar en el Registro por cualquiera de los siguientes medios:
>
> 1. Mediante sentencia firme dictada en un procedimiento ordinario de deslinde judicial o fijación de cabida.
>
> 2. **Por escritura pública cuando se trate de disminución de cabida irrespectivamente de la cantidad de la disminución <u>o en casos de exceso de cabida no mayor del veinte por ciento (20%) de la cabida registrada</u>.** Es requisito indispensable llevar a cabo una mensura técnica con arreglo a la Ley Núm. 173 de 12 de agosto de 1988 y la Ley Núm. 319 de 15 de mayo de 1938, según enmendadas y a lo dispuesto en el Artículo siguiente. En todo caso de disminución de cabida será preciso acreditar además la autorización de la agencia gubernamental o municipal correspondiente.
>
> 3. **<u>Mediante expediente de dominio, por todo el exceso, cuando éste sea mayor del veinte por ciento (20%).</u>** En estos casos se citará el dueño anterior inmediato aunque haya trasmitido por escritura pública. En los casos en que el Departamento de la Vivienda es el titular de la finca o es quien haya otorgado el título, la rectificación de cabida por el exceso del veinte por ciento (20%) podrá realizarse mediante escritura pública y la oportuna mensura técnica acreditada con arreglo a lo dispuesto en esta Ley, y a la Ley Núm. 173 de 12 de agosto de 1988 y la Ley Núm. 319 de 15 de mayo de 1938, según enmendadas. (Énfasis nuestro).

**III.**

En el presente recurso, la Apelante nos solicita que revoquemos la *Sentencia* emitida por el foro primario y se ordene la continuación del procedimiento de rectificación de cabida ante el

foro primario. Sostiene que el Artículo 195 de la Ley Núm. 210-2015, *supra,* establece que en casos donde el exceso de cabida excede el 20% se debe tramitar ante el Tribunal de Primera Instancia, mediante el procedimiento de expediente de dominio. Le asiste la razón.

Como ya detallamos, el Artículo 95 de la Ley Núm. 210-2015, *supra*, es claro al disponer que la rectificación de cabida de las fincas inscritas podrá hacerse constar en el Registro mediante expediente de dominio, en los casos que la diferencia del exceso de la cabida sea mayor del veinte por ciento (20%). En el presente caso, la parte aquí Apelante solicitó al foro primario la inscripción de la Finca Número 87, de la cual alega es heredera. Sin embargo, advirtió al foro primario que mediante la segregación aprobada por ARPE allá para el 21 de febrero de 1984, dicha agencia estableció que la Finca Núm. 87 tenía una caída de 22,699.5744 metros cuadrados, equivalentes a 5.7754 cuerdas. No obstante, la Apelante alega que el Registro de la Propiedad se había negado a inscribir la Escritura Núm. 100 de Partición de Bienes Hereditarios, porque la cabida de la finca era de 16,941.9703 metros cuadrados, equivalentes a 4.3105 cuerdas.

En vista de que no existe duda de que en este caso existen incongruencias entre la cabida de la Finca Número 87 y que tal diferencia constituye un exceso de cabida de más del 20%, es de aplicación el inciso (3) del Art.195 de la Ley Núm. 210-2015, *supra.* Es decir, para lograr armonizar la cabida registral de la finca con la realidad extra registral, es meritorio que se ventile ante el foro primario un proceso de expediente de dominio. Por tanto, resolvemos que erró el foro apelado al desestimar la *Petición* y determinar que correspondía atender la rectificación de cabida mediante trámite notarial.

**IV.**

Por los argumentos expuestos, **revocamos** la *Sentencia* apelada. En consecuencia, devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de manera compatible con esta *Sentencia.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones