EL MUNICIPIO DE CAGUAS, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

No. 783.—*Sometido:* Noviembre 4, 1929. *Resuelto:* Nov. 26, 1929.

*Antonio L. López,* abogado del recurrente; el registrador recurrido no compareció.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Presentada en el registro cierta certificación expedida por el director del departamento de obras públicas del municipio de Caguas a los efectos de inscribir la posesión de dos parcelas de terreno, el registrador se negó a ello por medio de la siguiente nota:

"Denegada la inscripción de las fincas que comprende este documento por observarse que dichas fincas son segregaciones de otra finca, la cual por no describirse en el documento no puede determinarse si está o no inscrita a favor de alguna persona para poder hacer constar en ella las fincas que se inscriben y por observarse que habiéndola adquirido el Municipio de Caguas por compra a los esposos Blas Delgado y Julia Alonso, ésta ha debido verificarse de acuerdo con la Ley, mediante escritura pública y ante notario público, . . ."

No conforme el municipio recurrió para ante esta Corte Suprema. A nuestro juicio tiene razón el recurrente.

Como se hace constar en la misma, la certificación fué expedida de acuerdo con los artículos 34, 35 y 36 del Reglamento para la ejecución de la Ley Hipotecaria.

El artículo 31 de dicho reglamento prescribe que los bienes inmuebles y los derechos reales que posean o administren el Estado y las corporaciones civiles, deben inscribirse en el registro. El 33 dispone cómo debe procederse cuando exista título escrito y el 34 cuando no exista. El 35, común a ambos casos, dispone que se hará constar siempre la procedencia inmediata y el estado actual de la posesión de los bienes inscritos.

Parece conveniente transcribir íntegro el 36. Es así:

"Artículo 36. Para llevar a efecto la inscripción de posesión, el

jefe de la dependencia a cuyo cargo esté la administración o custodia de las fincas que hayan de inscribirse, siempre que por su cargo ejerza autoridad pública o tenga facultad de certificar, expedirá por duplicado una certificación en que, refiriéndose a los inventarios o a los documentos oficiales que obren en su poder, haga constar:

"Primero. La naturaleza, situación, medida superficial, linderos, denominación y cargas reales de las fincas o derechos que se trate de inscribir.

"Segundo. La especie legal, valor, condiciones y cargas del derecho real de que se trate, y la naturaleza, situación, linderos y nombre de la finca sobre la cual estuviere aquél impuesto.

"Tercero. El nombre de la persona o corporación de quien se hubiere adquirido el inmueble o derecho, cuando constare.

"Cuarto. El tiempo que lleve de posesión el Estado, provincia, pueblo o establecimiento, si pudiera fijarse con exactitud o aproximadamente.

"Quinto. El servicio público u objeto a que estuviere destinada la finca.

"Si no pudiera hacerse constar alguna de estas circunstancias, se expresará así en la certificación, mencionando las que sean.

"Estas certificaciones se extenderán en papel de oficio, quedando su minuta rubricada en el expediente respectivo."

Si examinamos la certificación de autos, expedida por el funcionario municipal que tiene a su cargo las parcelas cuya posesión se trata de inscribir, encontraremos que contiene todos los requisitos exigidos por los artículo 35 y 36.

Se consigna primero que el municipio de Caguas es dueño de las dos parcelas radicadas ambas en el barrio de Turabo del término municipal de Gurabo, de una cuerda con diez y ocho céntimos la primera y de ochenta y dos centésimas de cuerda la segunda, reduciéndose esas medidas al sistema métrico decimal y dándose las colindancias por los puntos cardinales.

Luego se expresa que las dos fincas descritas las adquirió el municipio por compra a los esposos Blas Delgado y Julia Alonso, el 9 de julio de 1929, y que desde entonces las viene poseyendo; que la primera finca vale quinientos noventa dólares y cuatrocientos diez dólares la segunda, estando desti-

nada la primera a emplazamiento de la planta de filtros en proyecto del acueducto municipal de Caguas y la otra al establecimiento de los depósitos del mismo, careciéndose de título escrito inscribible respecto de las dos.

Se hace constar por último que todo lo certificado consta de los documentos oficiales que existen en la oficina del funcionario que certifica y que la certificación, que se expide y firma por duplicado y se visa por el alcalde, lo es para que en el Registro de la Propiedad de Caguas se inscriba la posesión de las fincas a nombre del municipio.

Si la certificación hubiera contenido la descripción de la finca de la cual se segregaron las parcelas, hubiera sido sin duda más completa, pero no exigiéndose tal requisito por la ley ni siendo absolutamente necesario para identificar las fincas, no creemos que porque falte pueda el registrador negarse a inscribir el documento.

No dice el registrador en su nota que la finca principal esté inscrita, ni que tenga fundamentos razonables para creer que lo está. Por el contrario, todo parece indicar que las parcelas van a inscribirse por primera vez en el registro. Ya hemos dicho que en la certificación se expresa que se carece de título escrito inscribible.

Tampoco es necesario que se certifique que la compra lo fué por escritura pública. Lo que el reglamento exige es que se exprese "el nombre de la persona o corporación de quien se hubiere adquirido el inmueble o derecho, cuando constare", y así se expresa en la certificación.

Parece conveniente llamar la atención hacia el hecho de que el registrador recurrido nada alegó en apoyo de su nota. Por virtud de un precepto reglamentario nuestro, se da amplia oportunidad a los registradores para argumentar sus casos. Es cierto que en las notas se consignan los fundamentos de la negativa, pero ello se hace como debe hacerse en forma concisa. En beneficio no sólo de la justicia de la resolución que este tribunal dicte en cada caso concreto, sino de la ju-

risprudencia que se establezca y del precedente que se siente, el tribunal debe contar con la ayuda de los registradores que tienen o deben tener conocimientos especiales sobre la materia. Con la iniciativa y la luz de abogados notables de una parte y con la experiencia y sabiduría de los registradores de otra, este tribunal puede a través de los años llegar a establecer una jurisprudencia hipotecaria que fije principios y establezca normas que contribuyan poderosamente a hacer cada vez más fácil y más segura la contratación.

*Debe revocarse la nota y ordenarse la inscripción solicitada.*