CARLOS MIGUEL RAMÍREZ ACOSTA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

Número 1309.

*Sometido:* 3 de mayo de 1954. *Resuelto:* 29 de diciembre de 1954.

*Carlos García Méndez,* abogado del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

A solicitud del recurrente, el Registrador de la Propiedad de San Germán expidió una certificación en la que hacía constar lo siguiente:

Primero, que aparecía inscrita a favor del Municipio de San Germán la *posesión* de un solar compuesto de 341 m. c., del cual fueron segregados 165.50 m. c., resultante un remanente de 175.15 m. c. aún inscrito a favor de dicho Municipio.

Segundo, que el Municipio "adquirió" el solar original de 341 m. c. mediante declaración certificada con fecha 8 de abril de 1914, suscrita por el Secretario de dicho Municipio, en la cual se alegó que dicho Municipio venía poseyendo dicho solar en concepto de dueño entre los denominados de egidos de la población, por más de 30 años, quieta, pública y pacíficamente —art. 36 del Reglamento para la Ejecución de la Ley Hipotecaria—sin expresarse el nombre de la persona o corporación de quien el Municipio "adquiriera" el solar.

Tercero, que el uso y aprovechamiento del solar de 175.15 m. c. constan actualmente inscritos por cesión a favor de Carlos Miguel Ramírez Acosta, recurrente en este recurso; que

el Municipio y Ramírez solicitaron la inscripción de una rectificación de mensura al efecto de que, como resultado de la mensura del mismo, éste consistía de 333.60 m. c.; que el solar fué inscrito en cuanto a su área superficial original de 175.15 m. c. más-el 20% admisible como exceso; y que la inscripción del resto de la cabida, o sean 123.42 m. c., fué denegada como excedente sobre el 20% por no constar inscrito a favor del Municipio de San Germán ni de ninguna otra persona.

El Registrador se negó a inscribir, en cuanto a todos los 333.60 m. c., una escritura sobre "Rectificación de Mensura", otorgada por el Alcalde de San Germán y el recurrente, sucesor de la persona a quien originalmente el Municipio le cediera el uso del solar en cuestión. (¹)   Esta escritura disponía que, luego de citar los propietarios colindantes, un ingeniero había practicado la mensura del solar en cuestión resultando con una cabida de 333.60 m. c. y no de 175.15 m. c.   Según se indicó en la certificación del Registrador, arriba reseñada, éste inscribió la referida escritura en cuanto a las medidas originales más un 20%, pero se negó a inscribirla en cuanto al exceso sobre dicho 20%, que consistía aproximadamente de 123 m. c.   Contra la decisión del Registrador el recurrente ha interpuesto este recurso gubernativo.

Es cierto que en su certificación el Registrador dice que el Municipio "adquirió" el solar original.   Pero según dicha certificación la *posesión* del solar aparece inscrita a favor del Municipio.   De estos términos de la certificación algo contradictorios, suponemos que el solar aparece inscrito como en posesión del Municipio. (²)   Ésta es una inscripción correcta.   Los arts. 34, 36 y 38 del Reglamento sólo se refieren a la posesión y no al dominio de la propiedad.   En su consecuencia, de conformidad con estos artículos, la certificación

(¹) El recurrente también llevó al Registrador la resolución de la Asamblea Municipal autorizando a su Alcalde para que otorgara la referida escritura, y la certificación del ingeniero que practicó la mensura.

(²) Véanse, sin embargo, el art. 393 de la Ley Hipotecaria; art. 395, según fué enmendado por la Ley núm. 96, Leyes de Puerto Rico, 1937 (pág. 242), sobre la cuestión de dominio.

del Secretario del Municipio, de fecha 8 de abril de 1914, daba derecho al Municipio a inscribir la posesión pero no el dominio. I Morell, Legislación Hipotecaria, pág. 512; V id., pág. 483; II Roca Sastre, Derecho Hipotecario, 442; I, id., pág. 552.

Si el Municipio tratara de obtener en este caso la corrección de la inscripción de su posesión a fin de que aquélla reflejara las medidas correctas, quizás convendríamos en que el Registrador vendría obligado a inscribir una certificación sometídale a ese efecto por el correspondiente funcionario municipal. (3)    Es decir, toda vez que la inscripción de la posesión del solar podía obtenerse en primera instancia con una simple certificación bajo el art. 36, quizás la rectificación de su mensura pueda obtenerse también en igual forma. (4) Pero aquí el recurrente está tratando de inscribir una escritura titulada "Rectificación de Mensura" otorgada por el Alcalde y el recurrente, en donde se hace constar que el Municipio como "dueño" del solar y el recurrente como concesio-

---

(3) El art. 36 dispone lo siguiente:

"Para llevar a efecto la inscripción de posesión, el jefe de la dependencia a cuyo cargo esté la administración o custodia de las fincas que hayan de inscribirse, siempre que por su cargo ejerza autoridad pública o tenga facultad de certificar, expedirá por duplicado una certificación en que, refiriéndose a los inventarios o a los documentos oficiales que obren en su poder, haga constar:

"*Primero*.    La naturaleza, situación, medida superficial, linderos, denominación y cargas reales de las fincas o derechos que se trate de inscribir.

"*Segundo*.    La especie legal, valor, condiciones y cargas del derecho real de que se trate, y la naturaleza, situación, linderos y nombre de la finca sobre la cual estuviere aquél impuesto.

"*Tercero*.    El nombre de la persona o corporación de quien se hubiere adquirido el inmueble o derecho, cuando constare.

"*Cuarto*.    El tiempo que lleve de posesión el Estado, provincia, pueblo o establecimiento, si pudiera fijarse con exactitud o aproximadamente.

"*Quinto*.    El servicio público u objeto a que estuviere destinada la finca.

"Si no pudiera hacerse constar alguna de estas circunstancias, se expresará así en la certificación, mencionando las que sean.

"Estas certificaciones se extenderán en papel de oficio, quedando su minuta rubricada en el expediente respectivo."

(4) Compárese *Servicio de Acueductos* v. *Registrador*, 70 D.P.R. 232, con *Pérez* v. *Registrador*, 67 D.P.R. 966, *Estrada* v. *Registrador*, 65 D.P.R. 965, *Autoridad de Tierras* v. *Registrador*, 62 D.P.R. 506, y *Municipio de Caguas* v. *Registrador*, 40 D.P.R. 208.

nario de aquél, desean conjuntamente inscribir sus medidas. Aparte del hecho de que dicha escritura no es la certificación exigida por el art. 36 del Reglamento, el Municipio no podía obtener la inscripción del dominio del solar original mediante una certificación a tenor con dicho art. 36. De igual modo, tampoco puede obtener la inscripción del dominio sobre el exceso mediante tal certificación. El exigirle al Registrador que inscriba la escritura aquí envuelta sería en sustancia permitirle al Municipio que obtenga la inscripción del dominio sobre el exceso en una forma no autorizada ni por la Ley Hipotecaria ni por su Reglamento. El Registrador por consiguiente actuó correctamente con respecto a la cuestión aquí envuelta.

*La nota del Registrador será confirmada.*

