DÍAZ ET AL. *v.* WAYMOUTH.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 163.—Resuelto en diciembre 16, 1907.

DOMINIO—NATURALEZA DE LA INFORMACIÓN—CUESTIONES DE PROPIEDAD—RESOLUCIÓN QUE DEBE DICTARSE.—En la resolución final de una información de dominio, la corte, después del examen y consideración de las alegaciones y

pruebas, debe limitarse á declarar si el promovente del informativo *ha justificado ó no, su dominio sobre los bienes* que pretende inscribir, pero no deben hacer declaraciones *con respecto al dominio que otras personas* puedan tener sobre esos mismos bienes, pues el objeto del informativo es *únicamente* justificar el dominio del *promovente*.

ID.—TERCEROS INTERESADOS.—En esta clase de informaciones, los terceros interesados no pueden pretender que se hagan á su favor declaraciones de propiedad, que requieren en juicio ordinario, en que las partes controviertan su derecho ampliamente, con arreglo á la forma y trámites establecidos por la ley procesal.

ID.—En el caso de autos la parte opositora limitó su impugnación al expediente, á una determinada parcela de terreno, con respecto á la cual alegaba no formar parte de la finca del promovente y sí de otra colindante con aquélla y propiedad de dicho opositor; la sentencia apelada declaró que el promovente *no había justificado su dominio* sobre la finca objeto de la información, y que la parcela referida pertenecía en propiedad á aquella finca.

En apelación se resolvió:

(a) Que esa resolución no es congruente con la petición del opositor que se limitó á interesar que se sobreseyera el expediente, sin que hiciera súplica alguna para que se declarara de su propiedad dicha parcela de terreno;

(b) Que es también incongruente por la declaración que contiene al efecto de que dicha parcela *pertenecía en propiedad á la finca* objeto del informativo, pues el objeto de éste no es determinar si dicho terreno formaba parte, ó no, de dicha finca, sino únicamente justificar el dominio del promovente con respecto *á toda la finca, incluyendo la parcela en cuestión.*

(c) Que dicha resolución envuelve también una contradicción por que declara *sin lugar la oposición,* y expresa al mismo tiempo que el promovente *no ha justificado su dominio,* por lo que desestima la solicitud, que fué la petición formulada por el opositor.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. *José Guzmán Benítez.*

Abogado del apelado: Sr. *la Torre.*

EL JUEZ PRESIDENTE SR. QUIÑONES, emitió la opinión del tribunal.

En 19 de septiembre de 1906, Alejandrina Díaz y Valldejuli, Ramón Emeterio Delgado y Hernández y Mercedes Valldejuli y Díaz, por conducto de su abogado Francisco de la Torre y Garrido, promovieron en la Corte de Distrito del Distrito Judicial de San Juan, la presente información, para acreditar el dominio de una finca rústica que decían poseer en propiedad en el barrio de "Hoyo Mulas," del término municipal de la Carolina, por los conceptos que expresan en su escrito á fin de inscribirla en el registro de la propiedad, por carecer

de títulos escritos de dominio, de conformidad con lo establecido por el artículo 395 de la Ley Hipotecaria que nos rige.

En el escrito inicial de dicho informativo, describen los promoventes la finca de que se trata, en los términos siguientes:

"Estancia conocida con el nombre de "Santa Ana," sita en el barrio de "Hoyo Mulas," término municipal de la Carolina, compuesta de 138 cuerdas 71 céntimos de otra, equivalentes á 54 hectáreas, 51 áreas y 85 centiáreas, y colindante por el norte, con terrenos de la Sucesión de Don Manuel Y. Saldaña, ejidos del pueblo de la Carolina y con terrenos de Doña Clara Knight, viuda de Don Luis Acosta, por el este, con el río Grande de Loíza; por el sud, con el mismo río, y hoy, además, con Mr. Waymouth, por haber cambiado violentamente el cauce de dicho río con el último ciclón de 8 de Agosto de 1899; y por el oeste, con la citada Sucesión de Don Manuel Y. Saldaña. Se halla enclavada en dicha estancia una casa habitación de maderas del país y la atraviesa, en la dirección de norte á sud, la carretera que vá de la Carolina á Fajardo, variando el rumbo dentro de ella, de sud á este."

Publicados los edictos convocando á las personas ignoradas á quienes pudiera perjudicar la inscripción solicitada, para que dentro del término de sesenta días pudieran comparecer y alegar lo que conviniera á su derecho, compareció el colindante Tomás G. Y. Waymouth, oponiéndose á la declaración de dominio solicitada por los promoventes, y alegando como fundamento de su oposición que de accederse á dicha declaratoria de dominio en la forma solicitada por los promoventes, se le despojaría de una porción de terreno, como de 16 y media cuerdas de extensión, que por efecto de la natural corriente de las aguas del Río Grande de Loiza, que separa la finca de su propiedad de la de los solicitantes, ha venido dicho río segregándolas paulatinamente de la estancia de los promoventes, y agregándolas en la misma forma á la del opositor Sr. Waymouth, y nó de la manera que dicen los solicitantes, pues por la parte que el río separa ambas propiedades, no es exacto que cambiara de cauce violentamente, á consecuencia del memo-

rable ciclón de 8 de agosto de 1899, como se dice por los peticionarios en su escrito al describir la finca de que se trata.

Recibidas las pruebas ofrecidas por ambas partes, dictó el juez de la sección 1ª. de la Corte de Distrito de San Juan, en 31 de mayo de 1907, la siguiente sentencia, cuya parte dispositiva dice así:

"Y la corte, tomando en consideración la solicitud de los promoventes, la demanda de oposición, las pruebas y los alegatos escritos, de ambas partes, es de opinión que los hechos y la ley están en contra de la oposición de Tomás C. Y. Waymouth, y por tanto, que la faja de diez y seis cuerdas, diez y seis céntimos de tierra, que al norte de su finca descrita en su demanda es como sigue: "Finca rústica ó estancia radicada en el barrio del "Cacao," sitio del Llano, término municipal del pueblo de la Carolina, con una cabida más ó menos de doscientas cuerdas equivalentes á setenta y ocho hectáreas, sesenta áreas y ochenta centiáreas, colindante por el norte, antes con el río Grande de Loíza, hoy Don José Estéban Saldaña; por el este, con la quebrada Trujillo; por el sud, con tierras de Don Patricio Sosa; y por el oeste, con otras de Da. María del Rosario Morales y el río Grande de Loiza, cuya faja existe entre dicha finca y el río Grande de Loiza, no le pertenece al demandante, por accesión ni de ningún otro modo, y sí son propiedad de la finca colindante "Santa Ana," como segregadas de ella, imponiéndose las costas al dicho demandante, y desestimándose, en su virtud, la demanda de oposición expresada. Y además, y no habiendo justificado el dominio que alegan tener en la finca "Santa Ana," de 138 cuerdas 71 céntimos descrita en la petición de los promoventes, se desestima su solicitud, permitiendo que se presente de nuevo.

"Pronunciada en corte abierta el día 31 de mayo de 1907, de acuerdo con la opinión que se ha unido al récord. Registrada hoy día primero de junio de 1907.—(Firmado) Pedro de Aldrey, Juez Sec. 1ª."

Contra esta sentencia ha apelado en tiempo el oponente Sr. Waymouth, en cuanto por ella se declara que la faja de terreno de 16 cuerdas 16 céntimos de otra, que existe al norte de su finca, entre ésta y el Río Grande de Loiza, no le pertenece por accesión ni de ningún otro modo, y sí son propiedad de la finca colindante "Santa Ana," como segregadas de ella, y se desestima su demanda de oposición con las costas; ha-

biendo consentido dicha sentencia en todas sus partes los pro-
moventes del informativo, que no han interpuesto contra ella
ningún recurso.

En el alegato presentado ante esta corte por el abogado
defensor del apelante, se combate fuertemente la sentencia
apelada en los extremos que son materia del recurso, como
incongruentes al objeto de las informaciones de esta especie,
y á las pretensiones deducidas por las partes en el expediente.

En efecto; el artículo 395 de la Ley Hipotecaria de esta
Isla, autoriza á los propietarios que carezcan de título escrito
de dominio, para que puedan inscribir su derecho, justificán-
dolo en la forma que el mismo artículo determina; es decir,
convocando á las personas de quienes procedan los bienes, y á
todos los demás á quienes pueda perjudicar la inscripción
solicitada, para que puedan comparecer á oponerse y pre-
sentar sus pruebas, dentro del término que al efecto se les
concede, que con arreglo al artículo citado era antes de 180
días, pero que después se redujo á 60 por la Orden General de
4 de abril de 1899, y que, vencido que fuere dicho término,
según dispone el mismo artículo en su párrafo 3º., el juez oirá
por escrito sobre las reclamaciones y pruebas que se hubiesen
presentado, al ministerio fiscal y á los demás que hayan con-
currido al juicio, y que en vista de lo que alegaren, y califi-
cando dichas pruebas con un criterio racional, "declarará
justificado ó nó el dominio de los bienes de que se trata."

Ahora bien; el juez de la sección 1ª. de la corte de Dis-
trito de San Juan, atemperándose á este precepto de la ley, ha
declarado en el último extremo de su sentencia, que los peti-
cionarios no han justificado el dominio que decían tener sobre
la estancia "Santa Ana," en toda la extensión de 138 cuerdas
71 céntimos de otra, con la que describen en su solicitud, por
cuyo motivo la desestima, permitiéndoles, no obstante, que la
presenten de nuevo; pero como al propio tiempo declara que
las 16 y pico de cuerdas de terreno á que se contrae la oposi-

ción del Sr. Waymouth, no pertenecen á éste por accesión, ni de ningún otro modo, y que sí son propiedad de la finca colindante "Santa Ana," como segregadas de ella, entendemos que esas declaraciones de propiedad huelgan completamente en la parte dispositiva de la sentencia, porque, á tenor de lo establecido por el artículo que hemos citado de la Ley Hipotecaria, la declaración final de esa clase de expedientes debe reducirse á declarar el juez, después del examen que haya hecho de las alegaciones de las partes y calificando las pruebas presentadas con un criterio racional, si los promoventes del informativo han justificado ó nó su dominio sobre los bienes que pretenden inscribir, pero no sobre el dominio que otras personas puedan tener sobre esos mismos bienes, pues éste no es el objeto del informativo, en el cual la misión del juez se reduce á oir las alegaciones y las pruebas de los que hayan comparecido en el expediente, para venir á declarar en definitiva si los promoventes del informativo han justificado ó no el dominio de los bienes que pretenden inscribir.   Esto y nada más es lo que el juez puede declarar en esa clase de expedientes; otra cosa sería desnaturalizar la verdadera índole de las informaciones de esta índole, en las que los terceros interesados no pueden pretender que se hagan á su favor declaraciones de propiedad, que requieren un juicio ordinario en que las partes controviertan su derecho ampliamente, con arreglo á las formas, y por los trámites que establece la ley de Enjuiciamiento Civil vigente.

Esto, aparte de la incongruencia que se advierte entre lo sentenciado por el juez y lo solicitado por el Sr. Waymouth, que se limitó á pedir que se sobreseyera en el expediente y se declarara que los peticionarios no habían justificado su dominio sobre la totalidad de la estancia "Santa Ana," y que en su consecuencia se desestimara su solicitud con las costas.

Si á pesar de esto, declara después el juez, que las 16 y pico de cuerdas de terreno existentes al norte de la finca del Sr.

Waymouth, entre ésta y el río, no le pertenecen por accesión ni por ningún otro motivo, y que sí son propiedad de la estancia "Santa Ana," como dice la sentencia, incurre á nuestro parecer en una incongruencia, al resolver sobre un extremo no comprendido en la demanda de oposición del Sr. Waymouth, que no formuló solicitud alguna para que se declarara de su propiedad dicha faja de terreno.

Tampoco parece congruente que el juez haya declarado que dicha faja de tierra "pertenecía en propiedad á la estancia "Santa Ana," cuando este expediente no tiene por objeto averiguar si ese terreno es ó no parte de dicha estancia, que es seguramente lo que el juez ha querido expresar al decir "que son propiedad de la estancia "Santa Ana," sino, únicamente, si los promoventes del informativo han justificado ó no el dominio de la estancia de referencia, en cuya área están comprendidas las 16 cuerdas de que se trata; y esto ya declara el juez que no lo han justificado, por lo que desestima su solicitud, á reserva de que la puedan presentar de nuevo.

Alega, por último, el apelante, y en nuestro concepto con razón también, la contradicción que envuelve declarar, como lo declara el juez en la sentencia, sin lugar la oposición del Señor Waymouth con las costas, cuando á renglón seguido viene á declarar que los peticionarios no han justificado el dominio que decían tener sobre la estancia Santa Ana, por la que desestima su solicitud; que fué precisamente lo que pidió el Sr. Waymouth al formular su demanda de oposición en estos autos.

La sentencia envuelve sobre este particular una contradicción, que es suficiente en nuestra opinión para anularla.

Por todas estas consideraciones, entiende esta corte que debe revocarse la sentencia apelada, en cuanto á los extremos que han sido objeto de la apelación establecida por el Sr. Waymouth, y declararse subsistente en cuanto á los demás extre-

mos que no han sido apelados por ninguna de las partes, sin especial condenación de costas de ambas instancias.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Hernández, Figueras, Mac-Leary y Wolf.