ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| CÁNDIDO DELGADO ROSARIO<br><br>Parte Peticionario<br><br>v.<br><br>EX PARTE | TA2025CE00122 | *Certiorari*,<br>procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.:<br><br>CG2023CV02177<br><br>Sala: 705<br><br>Sobre:<br><br>Expediente de Dominio |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de julio de 2025.

Compareció ante este Tribunal la parte peticionaria, el Sr. Cándido Delgado Rosario (en adelante, el "señor Delgado Rosario" o "Peticionario"), mediante recurso de *certiorari* presentado el 9 de julio de 2025. Nos solicitó la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, "TPI"), el 6 de junio de 2025, notificada y archivada en autos el 10 del mismo mes y año. Dicho dictamen fue objeto de una "**Moción de Reconsideración a Resolución Final**", la cual fue declarada "No Ha Lugar" mediante *Orden* del 25 de junio de 2025.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* y revocamos la *Resolución* recurrida.

**I.**

El caso de epígrafe tuvo su génesis el 21 de marzo de 2023, con la presentación de una "**Petición**" *ex parte* por parte del señor Delgado Rosario sobre rectificación de cabida, a través del procedimiento de expediente de dominio. Mediante la misma, expresó ser el titular de cierta participación hereditaria en la finca núm. 27,848 ubicada en el barrio Tomás de Castro del Municipio de Caguas, en virtud de una *Resolución* sobre

declaratoria de herederos del causante, Sr. Candelario Delgado Ramos, caso núm. RF83-867. Señaló que la mencionada finca aparece inscrita en participaciones hereditarias, a favor de los miembros que componen las Sucesiones del Sr. José Delgado López y la Sra. Bonifacia Ramos (en adelante, "Sucesiones").

Asimismo, indicó que sobre dicha finca pesan como cargas y gravámenes unas cuotas usufructuarias a favor de las siguientes personas, a saber: (1) Sra. María L. Rosario Rivera, (2) Sra. Eladia López, (3) Sra. Carmen M. Oquendo Rodríguez y (4) Sr. Marino Díaz Fernández. Arguyó que, conforme a nuestro ordenamiento jurídico, cualquier heredero está facultado para comparecer en juicio con el fin de defender los derechos de la comunidad hereditaria, razón por la cual compareció al presente pleito por sí y en beneficio de todos los miembros de la Sucesión Delgado Ramos. Expresó que, según es requerido por ley, se llevó a cabo una mensura técnica de la finca en cuestión y que, como resultado de ello, se determinó que la cabida correcta de la referida finca es de 341,116.7303 metros cuadrados y no de 271,545.3184 metros cuadrados.

De igual forma, mencionó que de los registros del Centro de Recaudación de Ingresos Municipales (en adelante, "CRIM") consta que la finca se encontraba libre de deudas. Además, señaló que los cotitulares han poseído la propiedad ininterrumpidamente por más de 60 años de manera pública, pacífica, a títulos de dueños y de buena fe. Por último, acentuó que el valor de la finca, excluyendo las estructuras, asciende a la cantidad de $1,450.000. En vista de lo anterior, le solicitó al Tribunal la expedición de los correspondientes edictos y la declaración que justifique el dominio por exceso de cabida de la finca objeto de esta controversia a favor de los integrantes de las Sucesiones.

En este contexto, el Sr. Martín Delgado Santiago (en adelante, el "señor Delgado Santiago") presentó una moción intitulada "**Comparecencia Especial sin Someterse a la Jurisdicción**" en la que expresó que la finca objeto del expediente de dominio colindaba con su propiedad y que, a pesar de dicha cercanía, no había sido notificado del presente procedimiento.

Manifestó que también es heredero de las Sucesiones. Explicó que, como parte del proceso de división de herencia, sus medios hermanos acordaron adjudicarle dos fincas, una de treinta (30) cuerdas y otra de diez (10) cuerdas, formalizándose dicho acuerdo mediante escritura pública. Señaló que recibió treinta (30) cuerdas, pero no así las diez (10) restantes, las cuales formaban parte de la finca principal sobre la cual se intentaba tramitar el expediente de dominio. Como consecuencia de lo anterior, indicó que era necesario delimitar las diez (10) cuerdas en compensación por sus derechos hereditarios antes de que pueda considerarse el expediente de dominio que se pretendía promover.

Más adelante, el Peticionario presentó una "**Moción de Oposición a Comparecencia Especial sin Someterse a la Jurisdicción**" en la que manifestó que, conforme a la Ley Núm. 210-2015, *infra*, es posible rectificar la cabida de una finca a través del procedimiento de expediente de dominio, siempre que el exceso supere el 20% del área original de la finca. Sostuvo que dicho Artículo resultaba aplicable al caso de autos, toda vez que la finca en cuestión poseía una cabida registral de 64.00 cuerdas, mientras que, conforme a la mensura técnica realizada, su cabida real es de 86.7894 cuerdas. Respecto al reclamo de cotitularidad sobre el inmueble, argumentó que el presente no es el procedimiento legalmente establecido para dilucidar dicho reclamo. Añadió que la vía adecuada sería la presentación de una acción ordinaria contra quienes figuran en el Registro de la Propiedad como titulares. En armonía con lo anterior, le peticionó al TPI que declarara "No Ha lugar" la moción presentada por el señor Delgado Santiago.

Así las cosas, la vista en su fondo se celebró el 1 de abril de 2025. Allí testificaron bajo juramento las siguientes personas, a saber: (1) el agrimensor, Sr. Marcos Colón, (2) el señor Delgado Rosario y el (3) Sr. Nicolás Delgado López. Tras evaluar la prueba presentada, el 2 de junio de 2025, foro recurrido declaró "No Ha Lugar" la "**Petición**" de expediente de dominio, bajo el fundamento de que no procedía instar un expediente de dominio respecto a una finca que ya se encuentra inscrita, puesto que el procedimiento de expediente dominio no reconoce titularidad. Inconforme

con esta decisión, el señor Delgado Rosario presentó una "**Moción de Reconsideración**" la cual fue declarada "No Ha Lugar" el 25 de junio de 2025.

Inconforme con lo anteriormente resuelto, el Peticionario acudió ante este Tribunal de Apelaciones mediante el recurso de epígrafe, en el que señaló el siguiente error:

> **Erró el Tribunal de Primera Instancia al determinar que en derecho no puede ser utilizado el expediente de dominio para rectificar la cabida de una finca inscrita, omitiendo totalmente lo dispuesto en el Artículo 195 de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico que permite este medio supletorio para dicho propósito.**

**II.**

La Ley Núm. 210-2015, según enmendada, mejor conocida como "Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico" (en adelante, "Ley Hipotecaria"), dispone una serie de mecanismos dirigidos a establecer concordancia entre el Registro y la realidad jurídica extrarregistral. Específicamente, el Artículo 182 de dicha pieza legislativa establece que:

> La concordancia entre el registro y la realidad jurídica extraregistral podrá lograrse mediante la inmatriculación de las fincas que no estén inscritas a favor de persona alguna; por la reanudación del tracto sucesivo interrumpido; la rectificación de cabida de la finca; y por la cancelación de cargas y gravámenes. 30 LPRA sec. 6281.

Por su parte, el Artículo 185 de la referida ley instituye el procedimiento de expediente de dominio, que es un proceso mediante el cual un propietario que carece de un título inscribible pueda inscribir su derecho de dominio. Ex Parte Román Quiles, 215 DPR ___ (2025); 2025 TSPR 45. Este es un "procedimiento judicial *ex parte* que no declara derechos, sino que justifica el dominio del promovente". Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño, 2ed., San Juan, Jurídica Editores, 2002, pág. 342. Para que el promovente de un expediente de dominio pueda alcanzar su objetivo, deberá cumplir con una serie de requisitos, entre los cuales se encuentra el describir la finca detalladamente, incluir una relación de las cargas y gravámenes que pesan sobre la finca, detallar la manera en que adquirió el dominio de la finca, entre otros. Para

llevar a cabo este procedimiento, sus requisitos deben cumplirse estrictamente. Nieves Osorio, *Ex parte*, 127 DPR 907, 909 (1991). En este tipo de casos, el juzgador sólo está facultado para declarar justificado o no el dominio del promovente sobre los bienes que pretende inscribir. Díaz v. Waymouth, 13 DPR 327, 332 (1907); Toro v. Registrador, 25 DPR 472, 476 (1917). Además, las resoluciones emitidas no constituyen cosa juzgada. Rodríguez v. Registrador, 75 DPR 712, 732 (1953). A pesar de ser de naturaleza *ex parte*, si alguna de las personas citadas al procedimiento se opusiere a la acreditación del título propuesto por el solicitante, se entenderá convertido el procedimiento en un juicio contencioso ordinario. 30 LPRA sec. 6291.

No obstante lo anterior, y en lo atinente al caso de autos, el Artículo 195 de la Ley Hipotecaria, *supra*, establece que la rectificación de cabida de una **finca inscrita** puede realizarse a través de un expediente de dominio. En detalle, dicho Artículo lee como sigue:

> La rectificación de cabida de todas las fincas inscritas podrá hacerse constar en el Registro por cualquiera de los siguientes medios:
>
> 1. Mediante sentencia firme dictada en un procedimiento ordinario de deslinde judicial o fijación de cabida.
>
> 2. Por escritura pública cuando se trate de disminución de cabida irrespectivamente de la cantidad de la disminución o en casos de exceso de cabida no mayor del veinte por ciento (20%) de la cabida registrada. Es requisito indispensable llevar a cabo una mensura técnica con arreglo a la Ley Núm. 173 de 12 de agosto de 1988 y la Ley Núm. 319 de 15 de mayo de 1938, según enmendadas y a lo dispuesto en el Artículo siguiente. En todo caso de disminución de cabida será preciso acreditar además la autorización de la agencia gubernamental o municipal correspondiente.
>
> 3. **Mediante expediente de dominio, por todo el exceso, cuando éste sea mayor del veinte por ciento (20%).** En estos casos se citará el dueño anterior inmediato aunque haya trasmitido por escritura pública. En los casos en que el Departamento de la Vivienda es el titular de la finca o es quien haya otorgado el título, la rectificación de cabida por el exceso del veinte por ciento (20%) podrá realizarse mediante escritura pública y la oportuna mensura técnica acreditada con arreglo a lo dispuesto en esta Ley, y a la Ley Núm. 173 de 12 de agosto de 1988 y la Ley Núm. 319

de 15 de mayo de 1938, según enmendadas. 30 LPRA sec.
6311 (énfasis suplido).

Por último, nuestro máximo foro judicial ha establecido que para inscribir el exceso de cabida de una finca es requisito llevar a cabo una mensura con la debida citación de los propietarios colindantes y acreditar tanto la mensura como la citación, acompañando al título una certificación del agrimensor a tales fines. García v. Registrador, 71 DPR 202, 204 (1950). Igualmente, ha indicado que, una vez cumplido dicho procedimiento, es posible inscribir el exceso de cabida, teniendo en cuenta que si dicho exceso supera el veinte por ciento (20%) del área total de la finca, será necesario recurrir a los medios supletorios autorizados por la Ley Hipotecaria. Íd.

A la luz de la disposición transcrita y la jurisprudencia aplicable, cuando se intenta rectificar la cabida de una finca y el exceso sobrepasa el veinte por ciento (20%) del inmueble inscrito, el mecanismo procesal adecuado para atender dicho asunto lo es el expediente de dominio.

**III.**

En el presente caso, el señor Delgado Rosario nos solicitó la revocación de la *Resolución* del TPI en la que se declaró "No Ha Lugar" su "**Petición**" sobre expediente de dominio.

Como único señalamiento de error, el Peticionario plantea que el TPI incidió al determinar que el mecanismo de expediente de dominio no puede ser utilizado para rectificar la cabida de una finca anteriormente inscrita. Le asiste la razón. Veamos.

Del expediente ante nuestra consideración se desprende que el 21 de marzo de 2023, el señor Delgado Rosario presentó una "**Petición**" *ex parte* sobre rectificación de cabida de cierta finca ubicada en el barrio Tomás de Castro del Municipio de Caguas, a través del mecanismo de expediente de dominio. Específicamente, sostuvo que, tras realizar una mensura técnica de la mencionada finca, conforme lo requiere nuestro ordenamiento jurídico, se constató que la cabida correcta de la misma era de 341,116.7303 metros cuadrados, equivalentes a 86.7894 cuerdas, y no de 271,545.3184 metros cuadrados, equivalente a 64 cuerdas, como previamente se inscribió. Tras múltiples trámites procesales, incluyendo la celebración de la

vista en su fondo, el 2 de junio de 2025, el TPI declaró "No Ha Lugar" la referida "**Petición**" al considerar que el expediente de dominio sólo puede ser utilizado para la inmatriculación de fincas que no se encuentren previamente inscritas y por entender que lo que se perseguía con el procedimiento era la titularidad del bien inmueble en controversia. Ello a pesar de que el propio Tribunal reconoció en la *Resolución* recurrida que el Peticionario aclaró que su único objetivo era que se rectificara la cabida de la propiedad.

Conforme adelantáramos en los acápites anteriores, el procedimiento de expediente de dominio, como regla general, se utiliza para la inmatriculación de fincas que no figuran inscritas a favor de persona alguna en el Registro de la Propiedad. En dichos casos, no se declaran derechos, sino que se justifica el dominio de la parte promovente. Rivera Rivera, *op. cit.*, pág. 342. No obstante lo anterior, nuestra Ley Hipotecaria, *supra*, contempla que las rectificaciones de cabida respecto a fincas ya inscritas puedan tramitarse mediante expediente de dominio, siempre que el exceso de cabida supere el veinte por ciento (20%) del área registrada.

Tras un análisis detallado del expediente ante nuestra consideración, incluyendo la "**Petición**" y la *Resolución* aquí recurrida, hemos arribado a la conclusión de que el TPI erró al declarar "No Ha Lugar" la solicitud de rectificación de cabida, a través del mecanismo de expediente de dominio bajo el fundamento de que no procede dicho proceso para fincas que constan inscritas en el Registro de la Propiedad. Nos explicamos.

Del plano de mensura técnica de la finca, debidamente admitido en juicio, se desprende que la cabida real de la propiedad es de 341,116.7303 metros cuadrados (equivalentes a 86.7894 cuerdas), en lugar de 271,545.3184 metros cuadrados (equivalente a 64 cuerdas), como surge del Registro de la Propiedad. Esto es, el exceso de cabida que el señor Delgado Rosario pretende rectificar excede el veinte por ciento (20%) de la finca inscrita. Por consiguiente, de conformidad con lo dispuesto en el Artículo 195 de la Ley Hipotecaria, *supra*, el procedimiento adecuado para atender la presente solicitud de rectificación de cabida es el expediente de dominio.

Resolver lo contrario implicaría ignorar el mecanismo que nuestro ordenamiento jurídico expresamente dispuso para atender las situaciones en las que la diferencia entre la cabida real y la inscrita excede el porcentaje determinado.

En vista de lo anteriormente expuesto, somos de la opinión de que resulta errónea la interpretación según la cual el expediente de dominio no puede utilizarse en ningún caso donde la finca ya se encuentra inscrita. Ello por cuanto la propia Ley Hipotecaria, *supra*, dispone manifiestamente que dicho procedimiento es viable para la rectificación de cabida de fincas inscritas en el Registro de la Propiedad.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, *expedimos* el auto de *certiorari* ante nuestra consideración y *revocamos* la *Resolución* recurrida.

Devolvemos el caso ante el foro de instancia para la continuación de los procedimientos, de conformidad con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones